Zheng "Andy" Liu (SBN 279327)
*Aptum Law*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant*
Zheng Zhang

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALECE INC., a corporation,<br><br>　　　　　Plaintiff,<br>　v.<br><br>ZHENG ZHANG, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | **Case No.: 5:20-cv-3579**<br><br>The Superior Court of California, County of Santa Clara<br>Case No. 20CV366702<br><br>**NOTICE OF REMOVAL BASED ON DVERSITY JURISDICTION** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant Zheng Zhang ("Defendant Zhang") hereby removes the above-captioned action to this Court from the Superior Court of California, County of Santa Clara.

As explained below, Defendant has complied with the statutory requirement for removal under 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction under at least 28 U.S.C. § 1332(a).

## BACKGROUND

**A. Statement of the Case**

1. This case reflects to a dispute between (1) the majority shareholder of Talece Inc. (Mr. Ming Zhang) and his personal assistant Ms. Lanhai Su, and (2) the minority shareholders of Talece Inc., one of which is Defendant Zhang.

2. More specifically, in or about December, 2018, Mr. Ming Zhang and Defendant Zhang agreed to work together to provide customized building design and manufacturing services. For example, Talece's software system would enable a user to design a single-family house on their laptop and have a builder company come in and build this customized home after the user furnishes payment to Talece.

3. By using Talece's software, a user could personalize her home design, without being required to possess such building construction expertise as what insulation materials are needed, what building permits may be required, and which material and service suppliers to choose. Talece would empower potential owners of commercial buildings in similar ways.

4. In forming Talece, Defendant Zhang had hoped to use his deep expertise in the building construction industry to make building customization less onerous and less expensive.

5. As part of this collaboration, Mr. Ming Zhang agreed to provide some starting capital to incorporate and maintain Talace; while Defendant Zhang agreed to provide invaluable sales expertise by leveraging his broad experience in the construction industry and resources in the San Francisco Bay Area and other parts of the United States.

6. As good as this idea sounds, the collaboration quickly fell apart.

7. A real estate tycoon residing China, Mr. Ming Zhang takes pride in his China-rooted pushy, confrontational management style.

8. Defendant Zhang, in contrast, prefers a more personable business approach, having been educated in the United States and earned his dual Masters in Business Administration and Information Systems from the renowned Boston University.

9. Further, Mr. Ming Zhang's unorthodox management style did not sit well with many other corporate shareholders and officers of Talece, such as Talece's CTO (Mr. Weili Xu) and Talece's Head of Engineering (Mr. Haopeng Wang).

10. Mr. Ming Zhang, however, would not budge and further threatened unjust termination against Defendant Zhang, Mr. Xu, and Mr. Wang, as well as many others; as a result, most of Talece's corporate officers (including Defendant Zhang) resigned, believing that Talece would not be able to survive the U.S. marketing if Mr. Ming Zhang kept managing Talece as if it were a mainland China sweatshop.

11. Since these corporate officers' resignations, Mr. Ming Zhang has tried quite a few ways to exert personal revenge on them.

12. First, Mr. Ming Zhang attempted to hold a last-minute shareholder meeting to fire them, before they could peacefully resign.

13. Second, Mr. Ming Zhang filed a false police report with the Santa Clara Police Department, claiming that Defendant Zhang has embezzled corporate funds. The case was closed more quickly than Mr. Ming Zhang opened it, having no legal basis whatsoever.

14. Third, after his police report went nowhere, Mr. Ming Zhang hid behind Talece and filed this lawsuit against Defendant Zhang, when ironically Mr. Ming Zhang was the one who caused Talece to fall apart in the first instance.

15. Having been unjustly persecuted by Mr. Ming Zhang for so many times, Defendant Zhang removes this lawsuit to this Court and prays that this Court grant him relief.

## REMOVAL BASED ON DIVERSITY JURISDICTION

### A. Complete diversity exists

16. Plaintiff corporation Talece Inc. ("Plaintiff") is a citizen of the United States and the State of California.

17. Defendant Zhang is a citizen of the People's Republic of China.

18. Doe Defendants 1-10 are disregarded for the purpose of determining complete diversity.

19. Thus, diversity of citizenship exists between Plaintiff corporation (a citizen of U.S. and California) and Defendant Zhang (a citizen of China).

**B. *The amount-in-controversy exceeds $75,000***

20. Plaintiff is demanding more than $250,000 "special damages" in addition to an unspecified amount of punitive damages.

**C. *Timely removal by Defendant Zhang***

21. On May 18, 2020, Plaintiff filed a complaint ("Complaint") against Defendant Zhang.

22. Plaintiff filed the Complaint in the Superior Court of California, County of Santa Clara, Case Number 20CV366702 ("State Court Action"), claiming (1) breach of fiduciary duties; (2) unjust enrichment; (3) conversion; and (4) accounting.

23. Among other reliefs, Plaintiff seeks special damages, disgorgement, and punitive damages. See Exhibit A (Complaint).

24. On May 27, 2020, Plaintiff claims to have personally served Defendant Zhang.

25. This removal request is thus timely and with consent of all defendants whose consent is required. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of receipt of initial pleading).

26. Removal to the Northern District of California is proper because this District includes Santa Clara County, California. 28 U.S.C. § 1141(a); see also 28 U.S.C. § 84 (a) (providing that the Northern District of California includes Santa Clara County).

27. Defendant Zhang will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Santa Clara, and will serve a copy on Plaintiff, pursuant to 28 U.S.C. § 1146(d).

## RESERVATION OF RIGHTS

28. Defendant Zhang hereby denies the allegations contained in Plaintiffs Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

29. Further, in making the allegations in this Notice of Removal, Defendant Zhang does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has

asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

30. Defendant Zhang also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this Action, Defendant Zhang expressly requests the opportunity to present such further evidence as necessary to support its position that this Action is removable.

31. For the reasons stated above, Defendant Zhang hereby removes the State Court Action to this Court.

32. Defendant Zhang respectfully requests that this Court assume jurisdiction over this matter and grant Defendant Zhang such other and further relief as this Court deems just and proper.

Dated:  May 28, 2020                                      Respectfully submitted,

By _____
Zheng "Andy" Liu (SBN 279327)
*Aptum Law*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant*
*Zheng Zhang*