Zheng "Andy" Liu (CABN 279327)
*Aptum Law*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant Zheng Zhang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALECE INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZHENG ZHANG, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-03579-BLF<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND DATED JULY 13, 2020 (ECF 17); OBJECTIONS TO EVIDENCE; AND REQUEST FOR ATTORNEY FEES AND COSTS**<br><br>The Honorable Beth Labson Freeman<br>Courtroom 3<br>Date: October 15, 2020<br>Time: 9:00 a.m. |

## ISSUE TO BE DECIDED
### (28 U.S.C. §1332(a)(2))

Does diversity jurisdiction exist between (1) a corporation domiciled in the State of California and (2) a citizen of China, who ***could*** apply for a permanent residence, but ***has not taken any steps whatsoever toward applying for (and thus does not have)*** a permanent residence status?

---

**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

Litigation is not a game; Plaintiff should not put forth **unsworn, hearsay** factual contentions that lack evidentiary support—and are indeed contradicted by facts. These tactics run afoul of not only Rule 11(b), which requires that Plaintiff assert "factual contentions [that] have evidentiary support," but also N.D. Cal. Civil Local Rules 7-3 and 7-5, which require Plaintiff assert "[f]actual contentions made in support of … any motion … by an affidavit or declaration."

Even assuming Plaintiff's baseless factual contentions are true (which they are not), diversity jurisdiction still exists, because Plaintiff concedes that Defendant Zhang has not been admitted as a permanent resident, and a foreign person **not yet admitted** as a permanent resident is not a citizen of the state in which the foreign person temporarily works. The diversity jurisdiction statute, 28 U.S.C. §1332, speaks of citizenship, *not* of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

## ARGUMENT

### I. DEFENDANT ZHANG PROPERLY REMOVED THIS CASE

A civil action brought in a state court may be removed by a defendant to a U.S. district court when the U.S. district court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a) (2011). District courts have original jurisdiction for civil actions in which (1) the amount-in-controversy is $75,000 or more, and (2) complete diversity of citizenship exists. 28 U.S.C. § 1332(a) (2011). Diversity of citizenship relevant to this case involves "citizens of a State and citizens or subjects of a foreign state." *Id*. The defendant must file a notice of removal within 30 days after she receives a copy of the initial pleading. 28 U.S.C. § 1446(b)(1) (2011).

Here, removal jurisdiction is proper, because this Court has original jurisdiction over this action and Defendant Zhang timely removed. First, Plaintiff is demanding at least $250,000 in damages. Second, complete diversity of citizenship exists because Plaintiff corporation is a citizen of California and Defendant Zhang is a citizen of the People's Republic of China ("China"), who is a lawful temporary worker in the United States on an H-1B work

2
**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

visa.[1] Third, Plaintiff claims to have personally served Defendant Zhang on May 27, 2020. One day later, on May 28, 2020, Defendant Zhang filed his notice of removal.

Defendant Zhang thus properly removed this case.

## II. PLAINTIFF MISCONSTRUED 28 U.S.C. § 1332(a)(2) IN MOVING TO REMAND

In its Motion to Remand (ECF 17), Plaintiff concedes the following points:

- ✓ "Plaintiff Talece is a . . . citizen of the State of California, " Motion to Remand; ECF 17, at page 2, lines 19-20;
- ✓ "Mr. Zhang is a citizen of the People's Republic of China," *id.*, line 20;
- ✓ "Plaintiff acknowledges that its complaint meets the threshold amount in controversy of over $75,000 in damages, *id.*, at page 3, lines 2-3l; and
- ✓ "Mr. Zhang did so timely remove this case to federal court. " *Id.*, at page 2, line 26.

Instead, Plaintiff argues that diversity jurisdiction is lacking because Defendant Zhang has applied for permanent residence status. *Id.*, at page 2, lines 22-24. Plaintiff's argument is without merit for at least the following reasons.

### a. *Plaintiff's argument lacks any evidentiary support and is contradicted by facts*

Defendant Zhang respectfully notes that Plaintiff's counsel submits no declaration or affidavit as to the factual contentions made in the Motion to Remand, except the attorney fee portion.

Litigation is not a game and Plaintiff and its counsel should not put forth factual contentions that lack evidentiary support—and are indeed contradicted by facts. This runs afoul of Rule 11(b)(3), which requires that Plaintiff assert "factual contentions [that] have evidentiary support."

Further, throughout this litigation, Plaintiff has been making factual contentions without any declaration or affidavit, running afoul of N.D. Cal. Civil Local Rules 7-3(a) and

---

[1] An H-1B visa allows a foreign worker to be ***temporarily*** employed by an employer in the United States ***for a limited time period*** for a job that requires the application of highly specialized knowledge and at least a bachelor's degree. *Working in the United States: H-1B Fiscal Year (FY) 2021 Cap Season*, U.S. Citizenship And Immigration Serv. https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-1b-specialty-occupations-and-fashion-models/h-1b-fiscal-year-fy-2021-cap-season (last visited July 21, 2020).

3

**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

7-5(a), which require "[f]actual contentions made in support of … any motion … be supported by an affidavit or declaration."

Here, contrary to Plaintiff's baseless contentions, Defendant Zhang had been an international student from 2014 to 2019. *Declaration of Zheng Zhang* ("Zhang Decl."), at 5. Defendant Zhang changed to his temporary worker status only in October, 2019. *Id.*, at 6. Defendant Zhang has never applied for permanent residence and concurrently do not intent to do so. *Id.*, at 7-8.

Thus, premised entirely how Defendant Zhang has supposedly taken significant steps toward obtaining permanent residence, Plaintiff's Motion to Remand must be denied.

### b. *Citizenship is determined at the time this case was filed*

Under the "time-of-filing" rule, the satisfaction of the 28 U.S.C. § 1332(a) diversity requirements (amount in controversy and citizenship) are determined **on the date the suit is filed**. *Wolde-Meskel v. Vocational Instruction Project Cmty. Serv., Inc.,* 166 F.3d 59, 62 (2d Cir. 1999); see also *Mollan v. Torrance*, 22 U.S. 537, 539 (1824); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (stating that diversity of citizenship "must exist at the time the action is commenced"); *Cable media of Puerto Rico, Inc. v. Carribean Broad. Network, LLC*, 581 F.Supp.2d 286, 287 (D. Puerto Rico 2008).

A party who has applied for, but has not yet obtained, permanent residence status at the time the lawsuit is filed, is not considered a citizen for diversity jurisdiction purposes. *Foy v. Schantz, Schantzman & Aaronson, P.A.*, 108 F.3d 1347, 1348-50 (11th Cir. 1997) (holding that an Australian national in the United States on a temporary work visa who had applied for, but had not yet received permanent residence status, at the time the lawsuit commenced was not a citizen).

Here, at the time Plaintiff filed this action, Defendant Zhang was and continues to be a citizen of China with a temporary working H-1B visa authorizing Defendant Zhang to work for his employer headquartered in the state of Pennsylvania.

The case of *PW W. Coast LLC v. Monteverde*, 2018 WL 1795486 (S.D. Fla. Feb. 13, 2018) mirrors Plaintiff's present allegations and is thus instructive.

In *PW W. Coast LLC*, the defendants challenge the court's diversity jurisdiction, arguing that diversity is destroyed because the Argentinian citizen plaintiff was domiciled in Florida since he resided there. *See id.* at *3. The defendants did not dispute plaintiff's

4
**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

representation that he is an Argentinian citizen and not a U.S. citizen or a legal permanent resident. *Id.* The defendants' court documents alleged the Argentinian plaintiff attempted to obtain a visa, which supported the plaintiff's contention that he is not and was not a legal permanent resident or U.S. citizen when the lawsuit was filed. *Id.* The court determined it had diversity jurisdiction over the matter because the defendants did not dispute the Argentinian plaintiff's legal argument that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2) and based on that statute's express language. *See id.*

Likewise, here, Plaintiff has challenged the court's diversity jurisdiction arguing that Chinese citizen Defendant Zhang is domiciled in California because he resides there. Plaintiff's Motion to Remand does not dispute Defendant Zhang is a citizen of China and is neither a U.S. citizen nor a lawful permanent resident of the United States. Moreover, Plaintiff claims that Defendant Zhang is attempting to obtain permanent residence status, effectively conceding that Defendant Zhang is still not, and was not, a lawful permanent resident when this lawsuit was filed.

In sum, because Plaintiff concedes that Defendant Zhang was not a lawful permanent resident *when this lawsuit was filed*, diversity jurisdiction exists in this case.

### c. *Having a temporary worker visa status does not affect diversity jurisdiction*

Diversity jurisdiction may lack when a citizen of a foreign state has already been "lawfully **admitted for permanent residence** in the United States and are domiciled in the same State." 28 U.S.C § 1332(a)(2) (2011) (emphasis added).

But, for the purpose of assessing diversity jurisdiction, "only an alien who has **established** legal permanent residence in the United States may be considered to be a 'citizen' of an American state." *PW W. Coast LLC,* at *2. Foreign nationals not admitted to the United States as permanent residents "are **not 'citizens'** of their state of domicile, **no matter how long there they live**. Thus, it is an individual's immigration status, not his or her contacts with the United States, which determines 'citizenship' for diversity purposes." *Velazquez v. Broesche*, 2006 WL 2329401 at *1 (W.D.Tex. June 13, 2006).

More specifically to Defendant Zhang's non-immigrant temporary worker visa, an alien "admitted into the United States on a *temporary, non-immigrant visa* is an alien for purposes of citizenship." *S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, at *4 (D.Conn. Feb. 14, 2018) (citing Kato v. County of Westchester, 927 F.Supp.714, 715-17 (S.D.N.Y.

1996)). A person is "plainly an alien . . . because he is in the United States pursuant to a *temporary, nonimmigrant visa.*" *Mor v. Royal Caribbean Cruises Ltd., 2012 WL 2333730* at *2 (S.D.N.Y. June 19, 2012).

Here, Defendant Zhang was on a ***non-immigrant*** student visa and is now on a ***non-immigrant*** temporary worker visa. Defendant Zhang has not even applied for permanent residency. *Zhang Decl.*, at 8. Defendant Zhang cannot possibly have been admitted as a permanent resident if he has not even applied.

   d. *Having the possibility of becoming a permanent resident does not affect diversity jurisdiction*

Further, in its Motion to Remand, Plaintiff proposes a "could become" test and suggests that having the *mere possibility* of becoming a permanent resident destroys diversity jurisdiction. This argument finds no support in law and would lead to absurd results.

First, as shown above, Plaintiff's proposed "could become" test contradicts the express language of the removal statue, 28 U.S.C § 1332(a)(2) (2011), which requires that the alien must have been ***admitted*** as—not, could possibly become—a permanent resident.

Second, Plaintiff's proposed "could become" test would lead to absurd results. For example, because all corporate officers (the CEO, the CTO, and the Head of Engineering) of Plaintiff corporation have already resigned (because they do not agree with the bossy, dishonest management style insisted on by Plaintiff's majority shareholder, Mr. Ming Zhang, as outlined in Defendant Zhang's Motion to Dismiss; ECF 9), Plaintiff corporation is now dysfunctional and conducts no real business other than exerting personal revenge on Defendant Zhang by prosecuting this lawsuit and defending multiple breaches of contract lawsuits against for refusing to perform its contractual obligations owed to its customers.

Plaintiff corporation thus "could become" a foreign corporation by relocating to the state of New York, to which Mr. Ming Zhang is believed to have closer personal and business ties. *Zhang Decl.*, at 9. Based on Plaintiff's proposed "could become" test, this possible relocation would confer diversity jurisdiction, regardless Defendant Zhang is a citizen of China or a citizen of California.

In the same vein, Plaintiff corporation "could become" a foreign corporation by converting itself into a China company, because Mr. Ming Zhang resides and is domiciled in China; Mr. Ming Zhang speaks little English and thus has neither intention, nor competency

to conduct business in the United States. *Zhang Decl.*, at 10. Based on Plaintiff's proposed "could become" test, this possible corporate conversion would confer diversity jurisdiction, even if Defendant Zhang is deemed a citizen of California, as argued by Plaintiff in its Motion to Remand.

In sum, the removal statute expressly states that a foreign citizen must have been ***admitted*** as a permanent resident of the United Sates in order for diversity to be lacking, Plaintiff's mere speculation that Defendant Zhang could become a permanent resident at some point in the future is not a valid basis for remand.

    *e.* ***The Citizenship of foreign citizen is established by Green Card status, not residency***

It is well-settled that allegations of residency alone cannot establish an individual's citizenship. *Ming Li v. Colonial BT, LLC*, 2014 WL 3579469, at *4 (D.Conn. July 21, 2014) (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997).

As the Ninth Circuit stated: "the diversity jurisdiction statute, 28 U.S.C. §1332, speaks of citizenship, *not* of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added); *see also Yamoaka v. Bomex USA, Inc.*, 2014 WL 12616397, at *1 (C.D.Cal. Aug. 22, 2014).

In other words, for diversity purposes an individual's citizenship is determined by his domicile—not his residence. *Ming Li v. Colonial BT, LLC*, 2014 WL 3579469, at *4.

In this case, Defendant Zhang is a China national. *Zhang Decl.*, at 4. He is in the U.S. pursuant to a temporary worker H-1B visa. *Id.*, at 7. Thus, for the purpose of assessing diversity jurisdiction, Defendant Zhang is a citizen of a foreign state (China), not a citizen of California.

**III.    FEDERAL QUESTION JURISDCITON ALSO EXISTIS IN THIS CASE**

In addition to diversity jurisdiction, the second independent basis for removal is a federal immigration law question arising under the Immigration and Nationality Act, Title 8 of the United States Code: whether any of Defendant Zhang's alleged conducts violates the federal immigration law.

More specifically, in the Complaint, Plaintiff alleges as follows:

> Plaintiff is informed and believes and thereon alleges that ***Defendant Zheng Zhang caused Plaintiff Talece to engage in transactions in such a***

*way that violated **Immigration and Nationality Act** and certain Federal and California regulations related to employment taxes, subjecting Plaintiff Talece to potential liability.*

(Complaint, at 18)

Based on these allegations, Plaintiff claims that Defendant Zhang breached his fiduciary duty to Plaintiff corporation. *See* Plaintiff's Complaint, the first cause of action.

By asserting that Defendant Zhang has engaged in conducts that violated the Immigration and Nationality Act, Plaintiff specifically invoked the Title 8 of the United States Code and presents a federal immigration law question, namely, whether any of Defendant Zhang's conducts violates the federal immigration law.

Federal courts have ***exclusive*** subject matter jurisdiction over lawsuits involving the immigration laws, like this one. Further, the principle of federal preemption prevents a state court from deciding federal immigration law issues like the one Plaintiff raised.

## IV. THIS COURT SHOULD AWARD ATTORNEY'S FEES AND COSTS TO DEFENDANT ZHANG

The U.S. Supreme Court held that, under 28 U.S.C. § 1447(c), attorney's fees and costs may be awarded "on a showing that the unsuccessful party's position was frivolous, unreasonable, or without foundation." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133 (2005).

Further, under 28 U.S.C. §1927 (entitled "Counsel's liability for excessive costs"), an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See also Hardy v. Cal.*, 2006 WL 932361, at *1 (N.D.Cal. April 11, 2006).

Here, Plaintiff's position that this court lacks diversity jurisdiction is frivolous, unreasonable, and without foundation. First, as outlined in the attached Objection to Evidence, Plaintiff bases its entire Motion to Remand on ***unsworn, hearsay*** statements that Defendant Zhang somehow has applied for permanent residency—when defendant Zhang clearly has not. Plaintiff's company representative fails to provide any declaration attesting to the supposed accuracy of these statements. Plaintiff's counsel also fails to provide any declaration to support these factual contentions. Neither Plaintiff's company representative, nor Plaintiff's

8
**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

counsel provided declarations, because they know these are false contentions and are contradicted by facts.

Second, throughout this litigation, Plaintiff has always resorted to **unsworn, hearsay** statements in its motion papers (ironically, except for asking for attorney fees for fling this baseless Motion to Remand). *See* ECF 11, Plaintiff's opposition to motion to dismiss; and ECF 12, Plaintiff's reply and objection to evidence.

Therefore, this Court should award attorney's fees and costs to Defendant Zhang for opposing this frivolous Motion to Remand.

## CONCLUSION

For reasons explained above, given Plaintiff has acknowledged Defendant Zhang met all the elements required for proper removal and Defendant Zhang is not a citizen of the State of California, diversity jurisdiction is proper; Plaintiff's motion to remand should be denied; and attorney fees and costs should be awarded to Defendant Zhang.

Dated: July 27, 2020                        Respectfully submitted,

By  _____
Zheng "Andy" Liu (SBN 279327)
*Attorney for Defendant*
*Zheng Zhang*

Zheng "Andy" Liu (SBN 279327)
*Aptum Law*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant Zheng Zhang*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALECE INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZHENG ZHANG, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-03579-BLF<br><br>**OBJECTION TO EVIDENCE** |

Defendant Zhang hereby objects to portions of the evidence filed in support of Plaintiff Talece Inc.'s Motion to Remand.

Defendant Zhang respectfully requests that the Court strikes the objectionable and speculative portions of the evidence as specifically set forth below

**DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**OBJECTIONS TO EVIDENCE IN
PLAINTIFF'S MOTION TO REMAND**

| Inadmissible Evidence | Content of the Inadmissible Evidence | Grounds for Evidentiary Objection |
|---|---|---|
| Plaintiff Talece's Notice of Motion and Motion to Remand, at page 2, lines 20-24. | "Mr. Zhang is a citizen of the People's Republic of China, and currently residing and working in the State of California on an H-1B working status granted by U.S. Department of Homeland Security. Mr. Zhang is in the process of obtaining his green card for permanent resident." | **Lack of personal knowledge** Plaintiff's counsel has no personal knowledge of Mr. Zhang's immigration status, including the state for which Mr. Zhang's H-1B visa is in and Mr. Zhang's intention, rather lack thereof, to apply for permanent residence. |
| Plaintiff Talece's Notice of Motion and Motion to Remand, at page 5, lines 14-15. | "As of now, Mr. Zhang is under an H-1B working status in the State of California and has applied for his permanent residence via employment, with the process still ongoing." | **Lack of personal knowledge** Plaintiff's counsel has no personal knowledge of Mr. Zhang's immigration status, including the state for which Mr. Zhang's H-1B visa is in and Mr. Zhang's intention, rather lack thereof, to apply for permanent residence. |
| Plaintiff Talece's Notice of Motion and Motion to | "Mr. Zhang founded his company BuildSimHub Inc. | **Misstates Evidence** Exhibit B2. of Plaintiff's |

| | | |
|---|---|---|
| Remand, at page 5, lines 17-19. | (EXHIBIT B) in November 2016. . . ." | Notice of Motion and Motion to Remand does not show "Mr. Zhang founded his company BuildSimHub Inc." |
| Plaintiff Talece's Notice of Motion and Motion to Remand, at page 5, lines 18-19. | "[Mr. Zhang] has had full-time employment in the U.S. for at least three years." | **Lack of personal knowledge** Plaintiff's counsel has no personal knowledge of Mr. Zhang's current nor past immigration status, including the state for which Mr. Zhang's H-1B visa is in. |
| Plaintiff Talece's Notice of Motion and Motion to Remand, at page 6, lines 20-21. | "From November 2016 to the present day, [Mr. Zhang] is the CEO, CFO and Secretary of BuildSimHub. . . ." | **Misstates Evidence** Exhibit B2. of Plaintiff's Notice of Motion and Motion to Remand does not show "[f]rom November 2016 to the present day, [Mr. Zhang] is the CEO, CFO and Secretary of BuildSimHub. . . ." **Lack of personal knowledge** Plaintiff's counsel has no personal knowledge |

| | | whether "[f]rom November 2016 to the present day, [Mr. Zhang] is the CEO, CFO and Secretary of BuildSimHub. . . ." |
|---|---|---|

Dated: July 27, 2020

Respectfully submitted,

By _____
Zheng "Andy" Liu (SBN 279327)
*Attorney for Defendant*
*Zheng Zhang*

Zheng "Andy" Liu (SBN 279327)
*Aptum Law*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant*
*Zheng Zhang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZHENG ZHANG, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 5:20-cv-03579-BLF<br><br>**DECLARATION OF ZHENG ZHANG** |

I, Zheng Zhang, declare as follows:

　　1.　　I am one of the named defendants in this case.

　　2.　　I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

　　3.　　I was the CEO of Plaintiff corporation Talece Inc. ("Talece") from December, 2018 to February, 2020. I have been a minority shareholder of Talece since December 2018 and remains as its minority shareholder.

　　4.　　I am a citizen of the People's Republic of China.

　　5.　　I had been in the United States, as an international student, from 2014 to 2019.

DEFENDANT ZHANG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

6. I changed from an international student status to a temporary worker H1-B status only in October, 2019.

7. I have been in the temporary worker H1-B status since October, 2019.

8. I have never applied for permanent residence and concurrently do not intent to do so.

9. I believe Plaintiff corporation Talece could become a foreign corporation by relocating to the state of New York. I believe Mr. Ming Zhang, who is the majority shareholder of Talece, has closer personal and business ties to the State of New York.

10. Mr. Ming Zhang resides and is domiciled in China; Mr. Ming Zhang speaks little English. I believe Mr. Ming Zhang thus has neither intention, nor competency to conduct business in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Jose, California, on July 27, 2020.

-----------------
Zheng Zhang