Leon E. Jew (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (925) 463-3288
Fax: (925) 463-3218

Attorney for Plaintiff
Talece Inc., a Corporation

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **Talece Inc., a Corporation**,<br><br>Plaintiff<br><br>v.<br><br>**Zheng Zhang, an individual; and DOES 1 through 10, inclusive,**<br><br>Defendants | Case No.: 5:20-cv-03579-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**<br><br>Hearing Date: 12/03/20<br>Hearing Time: 9:00 AM<br>Courtroom: 3<br>Judge: Honorable Beth Labson Freeman |

Plaintiff Talece ("Plaintiff"), by and through his undersigned counsel of record, respectfully submits this Memorandum and Point of Authorities in Response and Opposition to Defendant Zheng Zhang's ("Defendant") motion for sanctions under Fed. R. Civ. P. 11 and in support thereof set forth as follows:

## **INTRODUCTION**

Plaintiff submits this opposition to Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

Plaintiff's motion to remand was a good faith effort to ensure the validity of the Court's subject-matter jurisdiction. Defendant, however, twists this effort. In their demand for sanctions, they make unfounded and unsupported claims regarding not only Plaintiff's legal research, but purpose for filing the motion, on the grounds that Plaintiff allegedly filed this motion in bad faith in an effort to harass Defendant and unnecessarily draw out the legal process.

A fair reading of Plaintiff's motion to remand reveals that Plaintiff filed its Motion for Remand and the attached Declaration in good faith. As demonstrated below, Plaintiff filed the Motion after a "reasonable inquiry into the law and facts of this case." *Conn. Gen. Life Ins. Co. v. Thomas*, 910 F. Supp. 297, 304 (S.D. Tex. 1995) (denying motion for sanctions under Rule 11).

## **LEGAL STANDARD**

Sanctions are a drastic remedy reserved for only the most extraordinary circumstances. *See, e.g. E. Gluck Corp.*, 252 F.R.D. at 178; *Louis Vuitton Malletier v. Dooney & Bourke, Inc.* 2006 U.S. Distic. LEXIS 71091, at *6 (S.D.N.Y. Sept. 28, 2006) ("Sanctions should always be a last resort"). Whether a claim can survive on the merits is wholly distinct from whether that claim is frivolous. See *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) ("When divining the points at which an argument turns from merely losing to losing and sanctionable,' courts must 'resolve all doubts in favor of the signer of the pleading'"). To establish a Rule 11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *E. Gluck Corp*, 252 F.R.D. at 178; *Storey v. Cell Holding,* L.L.C. 347 F.3d 370, 388 (2d Cir. 2003) (sanctions should not be imposed unless the claims are "utterly lacking in support"). "[T]he extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into

account" when deciding whether sanctions are appropriate. *Abdelhamid,* 515 F.Supp. 2d at 392. Thus, such a drastic remedy is not warranted here.

## ARGUMENT

A. **Plaintiff's Motion for Remand Has Strong Merit, as There is A Strong Presumption Against Removal Jurisdiction**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To protect the jurisdiction of the state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09(1941)). Congressional intent in enacting removal legislation was to restrict removal jurisdiction. *Id*. Thus, there is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyoya,* 871 F.2d 109, 110 (9th Cir. 1989). There must be no doubt that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

Congressional intent regarding Section 1332(a) is clear in favor of eliminating diversity jurisdiction between a U.S. citizen and a foreign national deeply connected to the state in which the U.S. citizen is domiciled. Prior to 1988, foreign citizens who resided in the United States did not qualify as United States citizens for diversity purposes, leading to "the odd situation that a [federal] court would have jurisdiction over a suit between a United States citizen and a foreign citizen residing in the same state." *See H.K Huilin Int'l Trade Co., Litd. V. Kevin Multiline Polymer Inc.,* 907 F. Supp. 2d 284, 286 (E.D.N.Y. 2012). This was often referred to as the "suit between neighbors" problem. *Id*.

Congress amended section 1332(a) twice to address this problem. In 1988, it added the following: "For the purpose of this section…an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Judicial Improvements and Access to Justice Act of 1988, § 203(a), Pub. L. 100-702, 102 Stat. 4642. The purpose of this amendment was to destroy diversity of citizenship where American citizens and resident foreign nationals domiciled in the same state are adverse parties. *See Van Der Steen v. Sygen Int'l, PLC,* 464 F. Supp. 2d 931, 935 (N.D. Cal. 2006)(Breyer, J.)(stating that "courts have concluded that the *only* indication of congressional purpose in the legislative history is that Congress' intent in passing the 1988 Amendment was to eliminate so-called 'suits between neighbors'"). In 2011, Congress amended 28 U.S.C. § 1332(a). Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 101, 125 Stat. 758 (2011) ("2011 amendment"). § 1332(a)(2) now provides that diversity jurisdiction exists between:

> Citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2). The 2011 amendment "eliminates the arguable basis for expansion of alienage jurisdiction in minimum diversity cases when the configuration of parties would not otherwise support diversity jurisdiction under section 1332. *See* 13E Wright, Federal Practice and Procedure Section 3604. The House Report accompanying the 2011 amendment expressly criticizes prior decisions that broadened the scope of discovery jurisdiction. *See* H.R. Rep. No. 112-10 (2011). Thus, legislative history makes it clear that Congressional intent regarding these amendments was to ensure that foreign nationals who have all but integrated into the state of

their domicile are not considered diverse against U.S. citizens whose state of domicile they share. They also make it evident that he should be regarded as a citizen of the state he is domiciled in if he has taken action that evidences his intent and future path in becoming a "neighbor" of the opposing party.

    B. *Based on Facts Available to Plaintiff, Defendant Should be Considered Domiciled in the State of California*

The immigration status of an international student turned domestic worker is, rightly, private knowledge that should not be casually divulged. However, in the process of its due research, Plaintiff has come into knowledge of several circumstantial facts that point to Defendant either possessing permanent status, initiating his application for permanent status, or intending to do so in the near future.

According to Ms. Lani Su, a/k/a Lanhai Su, the former Secretary of Talece, Inc., Defendant had personally stated to her of his immigration status being solved via employment. See Decl. of Lani Su. This conversation occurred between the end of November and beginning of December of 2019, well before the time of the filing of this action, establishing Defendant as a *de facto* permanent resident of California at the time of this action.

Furthermore, while Plaintiff does not have access to official records regarding Defendant's immigration status, it possesses knowledge of several facts that support its motion. Defendant has been working in the United States for at least three years (EXHIBIT 1 of Lani's Decl.). As Defendant founded his company BuildSimHub Inc. in November 2016, he has had full-time employment in the U.S. for at least three years (EXHIBIT 1 of Lani's Decl.). Defendant admitted that he worked under H-1B visa (Doc 20-1, Para. 5). The H-1B visa is considered a dual-intent visa, meaning that those who hold one are eligible for permanent residency by applying for a green card; thus, it is common for holders of the H-1B visa to apply for and obtain permanent residence status. Mr. Zhang is a corporation executive, having been CEO and CFO of

at least two companies (BuildSimHub Inc. and Talece, Inc.), and is thus considered a skilled professional. Furthermore, he has been present in the U.S. since 2014, either as a student or as a worker, signifying his intent to build a career within the U.S.

Mr. Zhang's work and living history have tied inextricably him to the State of California to the point where he will not suffer any bias by litigating this case in a California state court; he is not an out-of-state defendant who requires the protection that diversity jurisdiction was designed to confer on out-of-state defendants. Thus, Mr. Zhang is domiciled in California (EXIHIBIT 3 of Lani's Decl.). An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Circ. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. Objective facts relevant to one's intent to change his or her domicile include:

> location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

*Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003). From February 2019 to February 2020, Mr. Zhang was the CEO and CFO of Plaintiff Talece, Inc. a California-based corporation (EXHIBIT 3 of Lani's Decl.). From November 2016 to the present day, he is the CEO and CFO of BuildSimHub Inc., a Delaware Corporation doing business in the State of California with a local address of 4500 Great America Pkwy, Santa Clara, CA 95054 (EXHIBIT 2 of Lani's Decl.). Mr. Zhang also lists his resident county as Santa Clara, the county in which this suit was originally filed. Thus, being well-established in Santa Clara

county in both employment and residence, Mr. Zhang should be considered as a citizen of the State of California for diversity purposes.

Because Plaintiff is also a corporation with its headquarters and principal business place in San Jose, California, having a same business address (4500 GREAT AMERICA PARKWAY, SAN JOSE, CA 95126) with Defendant's business address, there would be no diversity of citizenship between the two parties; thus, in the absence of a federal question, this case does not fall under federal subject matter jurisdiction.

C. *Plaintiff Possesses Actual Knowledge of Defendant's Position as CEO of BuildSimHub Inc. Since 2016*

Defendant's objection constantly accuses Plaintiff of not possessing personal knowledge of matters that, by virtue of such matters being private information, Plaintiff cannot possibly possess. However, personal knowledge is not a requirement in such a motion. As stated above, Plaintiff has strong circumstantial evidence of the facts that it stated in its motion, including a supporting declaration from Ms. Lani Su, a/k/a Lanhai Su, the former secretary who states of Defendant's intent to remain in the U.S. (EXHIBITs 3-4 of Lani's Decl.).

Furthermore, despite Defendant's assertions, Plaintiff has actual knowledge of Defendant's position as CEO of BuildSimHub Inc.; it is stated by Plaintiff's Linkedin profile and BuildSimHub Inc.'s SI-100 form (EXHIBITs 1-2 of Lani's Decl.).

D. *Defendant's Rule 11 Motion was Filed for an Improper Purpose*

Defendant's motion fails not only for its lack of merit, but because it goes against the ethical underpinnings of Rule 11. Rule 11 imposes a duty on the party seeking sanctions to be circumspect in pursuing such a drastic remedy and to not use the device for an improper purpose lest it may discourage expansion of the law through creative legal theories. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010)(Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates

creative legal theories"). Here Defendant, residing in San Jose and sharing a same business address with Plaintiff in San Jose, is for all intents and purposes a citizen of California. Allowing the action to go forward goes against the intent behind diversity jurisdiction. Defendant will derive no benefit from litigating this case in federal court, as state court will not show bias against a party who has worked and dwelled within California for over three years and who intends to remain in California indefinitely.

## CONCLUSION

For the foregoing reasons, Defendant's Rule 11 motion for sanctions should be denied.

Respectfully Submitted,

September 8, 2020

/s/ LEON E. JEW
Leon E. Jew
DAHYEE LAW GROUP
5776 Stoneridge Mall Rd., Suite 288
Pleasanton, CA 94588
Telephone: (925) 463-3288
Fax: (925) 463-3218

Attorney for Plaintiff