UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC.,<br><br>          Plaintiff,<br><br>v.<br><br>ZHENG ZHANG,<br><br>          Defendant. | Case No. 20-cv-03579-BLF<br><br>**ORDER VACATING OCTOBER 15, 2020 HEARING ON MOTION TO REMAND; AND DENYING MOTION TO REMAND**<br><br>[Re: ECF 17] |

      Plaintiff Talece Inc. ("Plaintiff") sued Defendant Zheng Zhang ("Defendant") for breach of fiduciary duty, unjust enrichment, conversion, and accounting. *See* Ex. A, Compl. ("Compl."), ECF 1-1. Defendant removed the action from the Santa Clara County Superior Court on diversity grounds. *See* Not. of Removal, ECF 1. Plaintiff now moves to remand based on its assertion that Defendant is in the process of obtaining legal permanent resident status and is domiciled in California, thereby destroying diversity jurisdiction under 28 U.S.C. § 1332(a)(2). *See* Mot. 3–7, ECF 17.

      The Court finds the motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on Plaintiff's motion to remand, currently scheduled for October 15, 2020 at 9:00 a.m., is VACATED. For the reasons discussed below, Plaintiff's motion to remand and request for attorney's fees are DENIED.

## I. BACKGROUND

      Plaintiff filed the present action against Defendant, its former CEO, in Santa Clara County Superior Court on May 18, 2020. *See* Compl. ¶ 3, 9. Plaintiff accused Defendant of embezzling

1  the corporation's capital funds and stealing the corporation's software and codes, among other
2  allegations. Compl. ¶ 14–19. Plaintiff alleged four separate causes of action for breach of fiduciary
3  duties, unjust enrichment, conversion, and accounting. Compl. ¶ 21–41. Defendant removed the
4  action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441,
5  and 1446 on May 28, 2020. Not. of Removal 2.

Plaintiff now brings a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending removal was improper because there is not complete diversity between the parties and therefore a lack of federal subject matter jurisdiction. Mot. 2–3. Plaintiff is a corporation and citizen of the State of California. Plaintiff argues that complete diversity is lacking because Defendant, though now on a H-1B visa status, may soon become a legal permanent resident and is domiciled in California. Mot. 2.

Defendant filed an opposition to Plaintiff's motion to remand. *See* Opp'n to Mot. ("Opp'n"), ECF 18. In this opposition, Defendant submitted a Declaration, asserting that he has been on a temporary worker H-1B visa status since October 2019, never applied for permanent residence, and does not intend to do so. *See* Decl. of Zheng Zhang ("Zhang Decl.") ¶¶ 6–8, ECF 18. Plaintiff did not file a reply in support of its motion.

## II.     LEGAL STANDARD

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), *superseded by statute on other grounds as recognized in Breuer v. Jim's Concrete, Inc.*, 538 U.S. 691, 697 (2003). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372

F.3d 1115, 1117 (9th Cir. 2004).

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). Federal courts have diversity jurisdiction only where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *see Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).

### III.    DISCUSSION

#### A.    Complete Diversity Requirement

Complete diversity of citizenship exists between a citizen of State and a citizen of a foreign state under 28 U.S.C. § 1332(a)(2). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999).  However, complete diversity does not exist between citizens of a State and citizens of a foreign state who (1) are lawfully admitted for permanent residence in the United States and (2) are domiciled in the same State. 28 U.S.C. § 1332(a)(2).

For purposes of diversity jurisdiction, courts have turned to immigration case law to define "lawfully admitted for permanent residence" under § 1332(a)(2).  *See Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir. 1997); *Filmkraft Prods. India Pvt, Ltd. v. Spektrum Entm't, Inc.*, No. 2:08-CV-1293 JCM (GWF), 2011 U.S. Dist. LEXIS 38687, *8 (D. Nev. Apr. 8, 2011) ("Being 'lawfully admitted for permanent residence' [under § 1332(a)(2)] means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws."); *see also Walker v. McCarty*, No. EDCV 19-627 JGB (SHKx), 2019 WL 3818218, at *2 (C.D. Cal. Aug. 14, 2019) ("Defendant has no legal [immigration] status in the United States. This action thus does not fall within the exception for permanent residents residing in the same state [under § 1332(a)(2)]."). A person who has not yet obtained legal permanent resident immigrant status is not deemed "lawfully admitted for permanent residence." *See Mor v. Royal Caribbean Cruises Ltd.*, No. 12 Civ. 3845(JGK), 2012 WL 2333730, at *1 (S.D.N.Y. June 19, 2012) (citing *Kato v. Cty. of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996)) ("[A]liens who have been accorded lawful

permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not."). Therefore, foreign citizens living in the U.S. on nonimmigrant visas meet the requirements for diversity jurisdiction. *See, e.g.*, *Walker*, 2019 WL 3818218, at *2 ("Because this action is between a citizen of California and a citizen of a foreign state who is not a lawful permanent resident, diversity jurisdiction is present."); *Asare-Antwi v. Wells Fargo*, No. SACV 19-00887 JVS (KESx), 2019 WL 3073942, at *3 (C.D. Cal. July 15, 2019) (finding complete diversity exists because "[a]lthough [British citizen] Plaintiff contends that having a primary U.S. residence in California makes him a California citizen, absent a showing that he is an LPR, that argument fails"); *De La Cruz v. Virgin Islands Water & Power Auth.*, No. CIV. 07-CV-09, 2010 WL 1484237, at *5 (D.V.I. Apr. 12, 2010) (holding that diversity jurisdiction between parties was satisfied given the Plaintiff's status as a nonresident alien).

The Court understands that the parties do not contest Defendant's current citizenship and immigration status. *See* Mot. 2; Opp'n 2–3. In his Notice of Removal, Defendant claims there is complete diversity of citizenship under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the United States and the State of California and Defendant is a citizen of the People's Republic of China. *See* Not. of Removal 3–4. In its Motion to Remand, Plaintiff argues that there is a lack of diversity jurisdiction because Defendant—although a citizen of the People's Republic of China and currently on H-1B visa status in the United States—is in the process of becoming a legal permanent resident and is domiciled in California. Mot. 2, 5–6.

Defendant has submitted a Declaration stating that he has not applied for legal permanent residency and does not intend to do so. *See* Zhang Decl. ¶ 8.[1] Meanwhile, Plaintiff has not submitted any materials supporting its allegations that Defendant has applied for permanent residency in the U.S., as stated in its Motion to Remand. *See* Mot. 2, 5. Nor has Plaintiff submitted a reply in support of its Motion to Remand. Therefore, Plaintiff's motion is merely speculative.

---

[1] Defendant submitted objections to statements in Plaintiff's motion. Because they exceed the ten-page limit in the Court's Standing Order, *see* Standing Order Re Civil Cases ¶ IV.A.4, the Court strikes these excess pages and declines to rule on the objections.

Since Defendant is not a legal permanent resident and is instead a foreign citizen in the United States on H-1B visa status, diversity jurisdiction is satisfied under § 1332(a)(2). *See Walker*, 2019 WL 3818218, at *2; *Asare-Antwi*, 2019 WL 3073942, at *3; *De La Cruz*, 2010 WL 1484237, at *5.

Even if Defendant filed for legal permanent residence recently, diversity jurisdiction would still exist as the court assesses diversity of citizenship at the time an action is filed. *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also De La Cruz*, 2010 WL 1484237, at *5 ("There was complete diversity between the parties because Plaintiff was a nonresident alien at the time that he filed the instant lawsuit."). Defendant was on H-1B visa status at the time of filing suit according to his Declaration. *See* Zhang Decl. ¶¶ 6–7. Diversity jurisdiction exists even if an application for permanent resident status is pending when a suit is filed. *See Chan v. Mui*, No. 92 CIV. 8258 (MBM), 1993 WL 427114, at *1 (S.D.N.Y. Oct. 20, 1993) (plaintiff was citizen of Hong Kong for diversity purposes although he lived in Oklahoma and his application for permanent resident status was pending when suit was filed).

### B. Amount in Controversy Requirement

In addition to the complete diversity requirement, the amount in controversy must also exceed $75,000 for the Court to have jurisdiction under 28 U.S.C. § 1332(a). Here, Plaintiff acknowledges that the complaint meets this requirement and alleges over $75,000 in damages. Mot. 3. Accordingly, the Court finds that the amount in controversy requirement is satisfied.

### C. Attorney's Fees under 28 U.S.C. § 1447(c)

Plaintiff argues that this Court should award it costs and actual expenses and attorney's fees for Defendant's improper removal. Mot. 2. The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is, even if a removing party's arguments are determined to be "losers," they are "not objectively unreasonable solely because [they] lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court finds that removal was proper, and Plaintiff's request for attorney's fees

and costs is therefore DENIED.

### D. Conclusion

The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) have been satisfied by Defendant. Since the Court has established subject matter jurisdiction, the Court does not reach Defendant's federal question jurisdiction assertions. *See* Opp'n 7–8.

As the Court has concluded that the requirements for diversity jurisdiction are satisfied and Defendant had an objectively reasonable basis for seeking removal, the Court DENIES Plaintiff's motion to remand and request for attorney's fees. The Court also DENIES Defendant's request for attorney's fees as requested at pages 8-9 of the opposition on the basis that the motion to remand was not frivolous. Merely losing a motion is not sufficient for a fee award, and the Court has not considered arguments related to conduct outside of the present motion.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

Dated: September 8, 2020

_____
BETH LABSON FREEMAN
United States District Judge