United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC., <br>           Plaintiff, <br> v. <br> ZHENG ZHANG, <br>           Defendant. | Case No.  20-cv-03579-BLF <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> [Re: ECF 9] |

Defendant Zheng Zhang ("Defendant") brings a Motion to Dismiss Plaintiff Talece Inc.'s ("Plaintiff") Complaint. Mot., ECF 9. Plaintiff brought suit alleging four causes of action: breach of fiduciary duties, unjust enrichment, conversion, and accounting. *See* Ex. A, Compl. ¶¶ 21–41, ECF 1-1. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. 1, 5. Particularly, Defendant claims Plaintiff failed to meet the heightened pleading requirements for allegations based on fraud under Rule 9(b). *Id.* at 2; Reply 2, ECF 16. In addition, Defendant requests this Court strike portions of evidence Plaintiff filed in support of its Opposition to Defendant's Motion to Dismiss, asserting lack of foundation, lack of personal knowledge, unsworn statements, and hearsay. *See* Reply 7–11.

Having considered the briefing of the parties, the Court GRANTS Defendant's Motion to Dismiss, with leave to amend.

## I. BACKGROUND

### a. Procedural History

Plaintiff filed its initial complaint in the above-captioned action in Santa Clara County

Superior Court on May 18, 2020. *See* Compl. Ten days later, on May 28, 2020, Defendant removed the case to this Court. *See* Notice of Removal, ECF 1. Plaintiff filed a motion to remand the case on July 13, 2020. *See* Mot. to Remand, ECF 17. Plaintiff's motion to remand was denied on September 8, 2020. *See* Order Den. Mot. to Remand, ECF 23.

On June 10, 2020, Defendant filed his motion to dismiss. *See* Mot. Plaintiff filed its Opposition to Defendant's Motion to Dismiss on June 24, 2020. *See* Opp'n, ECF 11. Defendant filed his corrected Reply to Plaintiff's Opposition on July 2, 2020. *See* Reply. Pursuant to Civil Local Rule 7-1(b), the Court finds that Defendant's is appropriate for determination without oral argument.

### b. Factual History

Plaintiff is a Delaware corporation with its principal place of business in Santa Clara, California. Compl. ¶ 2. Defendant is the former Chief Executive Officer (CEO) and former Chief Financial Officer (CFO) of Plaintiff. *Id.* ¶ 3.

Plaintiff describes itself as an "e-commerce website platform for [the] construction industry." *Id.* ¶ 2. Plaintiff's software system "enable[s] a user to design a single-family house on their laptop and have a builder company come in and build [a] customized home after the user furnishe[s] payment to [Plaintiff]." Mot. 3. In this way, "a user could personalize their home design, without being required to possess [] building construction expertise." *Id.* Plaintiff also "empower[s] potential owners of commercial buildings in similar ways." *Id.* at 4.

Plaintiff brings four causes of action against Defendant: breach of fiduciary duty, unjust enrichment, conversion, and accounting. Compl. ¶¶ 21–41. Plaintiff alleges that from February 4, 2019, to February 14, 2020, Defendant "concealed Plaintiff Talece's business information from Plaintiff Talece's corporate secretary and the majority shareholders." *Id.* ¶ 11. Plaintiff also alleges that Defendant "misappropriate[d] Plaintiff's funds, properties, and trade secrets, and utiliz[ed] Plaintiff's assets in wanton instances of self-dealing." *Id.* ¶ 12. On information and belief, Plaintiff alleges Defendant "embezzled the corporation's capital funds" and "transferred Plaintiff's funds to at least one bank account [and additional unknown bank accounts]" managed by Defendant. *Id.* ¶¶ 14–16. Plaintiff also alleges on information and belief that Defendant "stole Plaintiff Talece's

software, codes for website e-commerce platform and other technical information, as well as accounting books, check books, and other assets" and caused Plaintiff to engage in transactions in a way that violated the Immigration and Nationality Act and other employment regulations. *Id.* ¶¶ 17–18.

Defendant moves to dismiss Plaintiff's complaint for failing to state a claim, pursuant to Rule 12(b)(6). Mot. 1, 5. Defendant argues that Plaintiff failed to meet the heightened pleading standard for fraud-related allegations under Rule 9(b). *Id.* at 2, 5–6. Defendant also requests to strike portions of evidence Plaintiff filed in support of its Opposition to Defendant's Motion to Dismiss. Reply 7–11. Plaintiff opposes the Motion on the grounds that its Complaint neither alleges fraud nor relies on the elements of fraud and thus Rule 9(b) does not apply. Opp'n 2–4. Plaintiff also maintains that if the heightened pleading standard under Rule 9(b) does apply, Plaintiff's complaint would still be considered well-plead. *Id.* at 4–6.

## II.   LEGAL STANDARD

### a.   Rule 12(b)(6) Motion to Dismiss: General Requirements

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*

3

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### b. Fraud Pleadings Under Rule 9(b)

When a party pleads a cause of action for fraud or mistake, it is subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted). Claims of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), *superseded by statute on other grounds* (internal citation omitted).

If a "claim is said to be 'grounded in fraud' or to 'sound to fraud,' [then] the pleading of that claim as a whole must satisfy that particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). For example, a claim may be "grounded in fraud" if the "plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* at 1103.

The applicability of Rule 9(b) hinges not on the elements of the claim but rather on the nature of the allegations themselves: "Rule 9(b) applies to 'averments of fraud' in all civil cases in federal district court . . . in cases in which fraud is not an essential element of the claim, Rule 9(b) applies, but only to particular averments of fraud." *Id.*; *see also Kearns*, 567 F.3d at 1124 ("Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard."). Fraud can thus be averred "by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess*, 317 F.3d at 1105 (citations omitted).

4

## III. DISCUSSION

Although Plaintiff's claims may arise under state law, Plaintiff's allegations are subject to the Federal Rules of Civil Procedure. *Kearns*, 567 F.3d at 1125 (quoting *Vess*, 317 F.3d at 1102) ("[T]he Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'").

In his Motion, Defendant argues that Plaintiff's entire complaint is grounded in fraud because Plaintiff accuses Defendant of "stealing money," embezzlement, and misappropriation of funds and trade secrets. Mot. 2, 6–9. Defendant maintains that Plaintiff fails to allege the what, when, where, and how required by Rule 9(b). *Id.* at 6–9; *see Cooper*, 137 F.3d at 627. Plaintiff has responded to Defendant's Motion by stating none of its claims "involve or require fraud elements explicitly or implicitly." Opp'n 2. However, as mentioned above, "in cases in which fraud is not an essential element of the claim, Rule 9(b) [still] applies [] to *particular averments of fraud*." *Vess*, 317 F.3d at 1103 (emphasis added). Plaintiff's reliance on the elements of the causes of action rather than the particular allegations against Defendant is therefore unpersuasive. *See* Opp'n 2–4. Plaintiff also implies that the language in the Complaint referencing fraud refers to the condition of Defendant's mind, which "may be alleged generally" under Rule 9(b). *Id.* at 2. After evaluating each cause of action, as discussed below, the Court is not persuaded by this argument. Alternatively, Plaintiff argues that it has pled all counts with sufficient specificity to satisfy Rule 9(b)'s standards and that a relaxed pleading standard applies to instances where fraudulent conduct has occurred over long periods of time and when the information is peculiarly within Defendant's control. *Id.* at 4–5. As discussed below, the Court also finds these arguments unpersuasive.

### a. Documents Attached to Defendant's Motion and Reply

As a preliminary matter, Defendant's Motion to Dismiss and Reply include references to various attachments and declarations. *See* Mot.; Reply. District courts generally may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading

are presented to and not excluded by the court," the motion to dismiss converts into a motion for summary judgment under Rule 56, where both parties must have the opportunity "to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Neither applies here. Plaintiff has not extensively referred to any attachment or document in its Complaint that Defendant references in his Motion or Reply to be considered incorporated-by-reference. *See id.* at 1002; *see also* Compl. Nor has Defendant asked this Court to take judicial notice of these documents. Therefore, this Court will not consider these attachments and documents when evaluating the Motion to Dismiss.

### b. Breach of Fiduciary Duty

"Sounding in fraud, [California's breach of fiduciary duty claim] is subject to the heightened pleading standards." *United Energy Trading, LLC v. Pacific Gas & Electric Co.*, 146 F. Supp. 3d 1122, 1142 (N.D. Cal. 2015). Under the breach of fiduciary duty claim, Plaintiff pleads and alleges both breaches of duty of loyalty and duty of care. Opp'n 2; *see also* Compl. ¶ 22–24. To demonstrate that this cause of action is not subject to the heightened pleading standard, Plaintiff turns to the elements of these alleged breaches, citing to California Corporations Code § 309(a) to discuss the fiduciary duty of care directors owe to a corporation and its shareholders and *Sequoia Vacuum Systems v. Stransky*, 229 Cal. App. 2d 281 (1964), to discuss the duty of loyalty an agent owes his principal. Opp'n 2–3. As stated above, merely reciting the definitions and elements of what constitutes a breach is not a substitute for pleading with the requisite particularity when fraud has been averred. *See Vess*, 317 F.3d at 1103.

In addition to the blanket requirement that breach of fiduciary claims must be pled under Rule 9(b), the entire claim expressly relies an alleged fraudulent conduct. Plaintiff avers that Defendant acted with "malice, oppression, and fraud." Compl. ¶ 28. Plaintiff supports these allegations by stating that Defendant "intentionally breached his fiduciary duties owed to [Plaintiff]" by acting "directly contrary to the interests of and to the detriment of the corporation, taking the corporation's funds, properties and trade secrets, with the purpose of advancing his own

6

1    interests [and engaging] in substantial self-dealings." *Id.* ¶ 25. Plaintiff also states that "neither
2    Plaintiff['s] Board of Directors nor the shareholders of the majority outstanding shares gave
3    Defendant [] informed consent that authorized the beaches of his fiduciary duties alleged herein."
4    *Id.* ¶ 26. These allegations are further supported by the general allegations of the Complaint,
5    discussed in greater detail below. *See id.* ¶¶ 11, 12, 14, 17. The breach of fiduciary duty claim is
6    therefore founded in fraud, as Plaintiff is alleging Defendant intentionally misrepresented his
7    duties and acted to the detriment of Plaintiff for his own benefit. By specifically alleging fraud and
8    alleging facts that rely on fraudulent behavior, Plaintiff has averred fraud under the breach of
9    fiduciary duty claim, and thus, this cause of action is subject to the heightened pleading standards
10   of Rule 9(b). *See Vess*, 317 F.3d at 1105.

11   However, Plaintiff fails to explain the when, where, how, and other details of the
12   allegations. *See* Mot. 6–8. Plaintiff broadly states that Defendant engaged in the alleged
13   wrongdoings during the time he was CEO, from February 4, 2019 to February 14, 2020. Compl.
14   ¶ 11. Plaintiff does not provide greater detail about when exactly or approximately Defendant
15   "misappropriate[ed] [Plaintiff's] funds, properties and trade secrets," "utiliz[ed] Plaintiff's assets
16   in wanton instances of self-dealing," and into which accounts Plaintiff believes Defendant
17   embezzled Plaintiff's capital funds. *See* Compl. ¶¶ 12–14, 16. Plaintiff also does not provide any
18   specific details of when and how Defendant "stole" Plaintiff's software, codes, accounting books,
19   and other assets. Compl. ¶ 17. Therefore, Plaintiff has not met the heightened pleading standard of
20   Rule 9(b). *See Cooper*, 137 F.3d at 627. Accordingly, the Court GRANTS Defendant's motion to
21   dismiss the breach of fiduciary duty claim WITH leave to amend.

22       **c. Unjust Enrichment**

23   In regard to its second claim—unjust enrichment—Plaintiff again turns to the elements of
24   unjust enrichment by citing to *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583 (2008).
25   Opp'n 3. Plaintiff argues that this claim is not subject to Rule 9(b) because it shares no elements
26   with fraud. *Id.* As stated above, merely reciting the elements of what constitutes unjust enrichment
27   is not a substitute for pleading with particularity when fraud has been averred. *See Vess*, 317 F.3d
28   at 1103. In its Complaint, Plaintiff's unjust enrichment claim explicitly relies on the same course

7

of Defendant's conduct as the breach of fiduciary duty claim. Plaintiff avers that Defendant "misappropriated Plaintiff['s] funds, properties and trade secrets for his own benefits by fraud or other wrongful conduct." Compl. ¶ 31. Plaintiff goes on to say that "as a result of Defendant['s] wrongdoings, Plaintiff [] has been deprived of its rightful possessions and Defendant [] has been conferred a substantial and unjust benefit." *Id.* ¶ 33. This claim stems from a unified course of fraudulent conduct averred under the breach of fiduciary duty claim and is therefore subject to the heightened pleading standard of Rule 9(b). *See Vess*, 317 F.3d at 1103 (stating that a claim may be "grounded in fraud" if the "plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim"). Accordingly, the Court GRANTS Defendant's motion to dismiss the unjust enrichment claim WITH leave to amend. Plaintiff should allege this claim with more detailed information regarding which funds, properties, and trade secrets were misappropriated. Plaintiff should also allege approximately when and how the unlawful behavior occurred.

### d. Conversion

In an attempt to demonstrate that its third claim is not subject to Rule 9(b), Plaintiff discusses the elements of conversion by citing to *Lee v. Hanley*, 61 Cal. 4th 1225 (2015). Opp'n 3. Plaintiff argues that since conversion is a general intent tort and does not require the intent to defraud, it cannot be grounded in fraud. *Id.* As stated above, merely reciting the elements of what constitutes conversion is not a substitute for pleading with particularity when fraud has been averred. *See Vess*, 317 F.3d at 1103. Plaintiff goes on to state that it is not alleging "fraudulent conversion" because "fraudulent conversion is a criminal action prosecutable only by the state." Opp'n 3. However, this Court must review what Plaintiff has specifically averred in its Complaint to determine whether this claim is subject to Rule 9(b). *See Vess*, 317 F.3d at 1103. Even if the term "fraud" is not specifically used, fraud can still be averred by "alleging facts that necessarily constitute fraud." *Id.* at 1105 (citations omitted).

Here, Plaintiff's conversion claim explicitly relies on the same course of Defendant's conduct as the breach of fiduciary duty claim. Plaintiff brings the conversion claim by averring "Defendant [] intentionally interfered with Plaintiff['s] ownership over its assets and properties,

8

1    which were transferred into various accounts controlled by him or for his own benefit." Compl.
2    ¶ 37. Plaintiff also alleges that Defendant "intentional[ly] obscure[ed] the transfer of assets" and as
3    a result of his "intentional and malicious conduct, Plaintiff [] suffered significant monetary
4    damages." *Id.* ¶¶ 37–38. This claim stems from a unified course of fraudulent conduct alleged
5    under the breach of fiduciary duty claim and is therefore subject to the heightened pleading
6    standard of Rule 9(b). *See Vess*, 317 F.3d at 1103 (stating that a claim may be "grounded in fraud"
7    if the "plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that
8    course of conduct as the basis of a claim"). Accordingly, the Court GRANTS Defendant's motion
9    to dismiss the conversion claim WITH leave to amend. Plaintiff should allege this claim with
10   more detailed information regarding which assets and properties were transferred, into which
11   expected accounts they were transferred, and when and how such actions occurred.

       **e. Accounting**

13   For its fourth claim—accounting—Plaintiff argues that it is "merely alleg[ing] that
14   Defendant has not provided Plaintiff and its shareholders with an accounting of Plaintiff's
15   transactions and financial managements that occurred under Defendant's direction." Opp'n 3–4.
16   "Because Defendant has not returned the business records and account information, Plaintiff does
17   not have access to crucial corporation financial and transfer records[] and [is] thus unable to
18   ascertain and demand damages in a fixed amount." *Id.* at 4. While the term "fraud" is not
19   specifically mentioned, this Court must still evaluate the Complaint itself as fraud can be averred
20   by "alleging facts that necessarily constitute fraud." *Vess*, 317 F.3d at 1105 (citations omitted).

21   Here, Plaintiff's accounting claim explicitly relies on the same course of Defendant's
22   conduct as the breach of fiduciary duty claim. Plaintiff asserts the accounting cause of action by
23   relying on allegations that Defendant "has a legal and fiduciary duty to Plaintiff [] and its
24   shareholders to account for the financial management and transactions of Plaintiff" and has failed
25   to "return[] the business records and account information [for such management]." Compl. ¶¶ 40–
26   41. Therefore, these claims stem from a unified course of fraudulent conduct as the breach of
27   fiduciary duty claim and are subject to the heightened pleading standard of Rule 9(b). *See Vess*,
28   317 F.3d at 1103 (stating that a claim may be "grounded in fraud" if the "plaintiff [] allege[s] a

1  unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a
2  claim"). Accordingly, the Court GRANTS Defendant's motion to dismiss the accounting claim
3  WITH leave to amend. Plaintiff should allege this cause of action with more detailed information
4  regarding when and how of the allegedly unlawful behavior occurred. The Court anticipates that
5  amendment to the factual allegations that precede the specific claims will suffice.

The Court thus finds that Plaintiff has not pled its Complaint with enough specificity. Plaintiff's additional arguments in its Opposition are unpersuasive. Plaintiff maintains that it is not required to specifically cite to each instance of allegedly fraudulent conduct where the allegedly unlawful conduct occurred frequently over a lengthy period of time. Opp'n 4. Plaintiff cites to *United States ex rel. Franklin v. Parke-Davis, Division of Warner- Lambert Co.*, 147 F. Supp. 2d 39, 49 (D. Mass 2001), and *In re Cardiac Devices Qui Tam Litigation*, 221 F.R.D. 318, 333 (D. Conn. 2004), to support this proposition. However, *United States ex rel. Franklin* involved a complex scheme of fraud, where the plaintiff alleged the defendant engaged in an extensive and far-reaching fraudulent scheme to promote the sale of a drug for off-label use during his period of employment for five months. *See* 147 F. Supp. 2d at 45, 49. The Court rejected the idea that Rule 9(b) required "identification of every ineligible prescription submitted to the government for payment." *Id.* at 49.[1] This is not the case here, as this case does not involve a complex and far-reaching fraudulent prescription sale scheme. Nor is this Court asking for each and every instance of the alleged breach of fiduciary duty, embezzlement, or misappropriation of funds. But Plaintiff must provide more "specific information" on the when, where, and how the alleged breach, conversion, and other allegations occurred. *See id.*

Similarly, *In re Cardiac* was a Multidistrict Litigation ("MDL") where the Government alleged the defendants were reimbursed by Medicare and Medicaid for procedures not approved by the FDA over a nine-year period. *See* 221 F.R.D. at 329–30. *In re Cardiac* also relied on cases

---

[1] *United States ex rel. Franklin* also "applie[d] a more forgiving pleading standard than [more] recent cases." *See U.S. ex rel. Nowak v. Medtronic*, 806 F. Supp. 2d 310, 355 n.30 (D. Mass. 2011).

10

that were much more complex that this one, including an MDL case where the plaintiffs alleged that forty-two pharmaceutical companies fraudulently overstated the published wholesale prices of their prescription drugs and two other cases that covered six- and twelve-year periods of allegations. *See id.* at 333–334. This is not the situation in this case, where the allegations cover a one-year period for one corporation and one defendant.

Plaintiff also maintains that the heightened pleading standard for fraud claims is relaxed where factual information is within Defendant's exclusive knowledge or control. Opp'n 4–5. However, Plaintiff cites to complex corporate fraud cases with multiple defendants, such as *E & E Co. v. Kam Hing Enterprises*, 429 F. App'x 632, 633 (9th Cir. 2011), or complex securities fraud cases, such as *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989). In this case, there is only one Defendant, and it is contested whether the factual information is solely and exclusively within Defendant's control. *See* Opp'n 4–5; Reply 6. Plaintiff must provide at least some further details explaining *how* it knows or suspects Defendant was acting unlawfully, especially regarding the time periods of the allegedly unlawful behavior and how the alleged embezzlements, misappropriations, stealing of software and code, and other harmful transactions were approximately occurring.

As it stands, Plaintiff's complaint is too general to pass the heightened pleading standard required by Rule 9(b). The Motion to Dismiss is hereby GRANTED, with leave to amend. Defendant's Objection to Evidence in Plaintiff's Opposition is DENIED as Plaintiff did not submit any evidence in its Opposition. *See* Opp'n; *see also* Reply 7–11. Defendant merely objects to Plaintiff's recitation of the allegations in its Complaint. *See* Reply 7–11.

### IV. ORDER

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, with leave to amend. Plaintiff, should it elect to file an Amended Complaint, shall do so no fewer than twenty-one (21) days from the issue of this Order.

IT IS SO ORDERED

Dated: October 22, 2020

_____
BETH LABSON FREEMAN
United States District Judge