UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC., <br><br> Plaintiff, <br><br> v. <br><br> ZHENG ZHANG, <br><br> Defendant. | Case No. 20-cv-03579-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** <br><br> [Re: ECF 20] |

Plaintiff Talece Inc. ("Plaintiff") sued Defendant Zheng Zhang ("Defendant") for breach of fiduciary duty, unjust enrichment, conversion, and accounting. *See* Ex. A, Compl. ("Compl."), ECF 1-1.[1] On July 13, 2020, Plaintiff filed a motion to remand, which this court denied on September 8, 2020. *See* Mot. to Remand, ECF 17; Order Den. Mot. to Remand, ECF 23. In connection with the motion to remand, Defendant filed a motion for sanctions alleging that Plaintiff's motion was legally and factually baseless, inadequately researched, and filed for improper purpose. *See* Mot. 2-3. ("Mot."), ECF 20. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion to be suitable for decision without oral argument. After considering the briefing, the Court DENIES the motion.

---

[1] Although the Complaint has been superseded by the First Amended Complaint, ECF 36, this motion relates to the initial Complaint and thus this Order will evaluate the motion based on the state of the pleadings at the time the Motion for Sanctions was filed.

## I. BACKGROUND

Plaintiff filed the present action against Defendant, its former CEO, in Santa Clara County Superior Court on May 18, 2020. *See* Compl. ¶¶ 3, 9. Plaintiff accused Defendant of embezzling the corporation's capital funds and stealing the corporation's software and codes, among other allegations. Compl. ¶¶ 14–19. Plaintiff alleged four separate causes of action for breach of fiduciary duties, unjust enrichment, conversion, and accounting. *See* Compl. ¶¶ 21–41. Defendant removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on May 28, 2020. *See* Not. of Removal, ECF 1. In response, Plaintiff brought a motion to remand, pursuant to 28 U.S.C. § 1447(c), on July 13, 2020. *See* Mot. to Remand. Plaintiff's motion to remand was denied on September 8, 2020. *See* Order Den. Mot. to Remand.

Defendant now brings a motion for sanctions pursuant to Rule 11, based on Plaintiff's motion to remand. *See* Mot. 2–3. Defendant alleges that Plaintiff violated Rule 11 because the motion to remand contains legal claims and factual allegations that have no evidentiary support, Plaintiff did not adequately research the factual allegations, and Plaintiff filed the motion for an improper purpose. *See id.* Specifically, Defendant argues that Plaintiff made factual contentions regarding Defendant's immigration status that were false and unsupported by any evidence. *See id.* at 3.

Plaintiff filed an opposition to Defendant's motion for sanctions. *See* Opp'n to Mot. ("Opp'n"), ECF 22. In this opposition, Plaintiff included a Declaration from Lani Su, Defendant's LinkedIn profile, a 2020 statement of information for BuildSimHub, and 2019-2020 statements of information for Telece Inc., supporting Plaintiff's contentions that Plaintiff had circumstantial evidence to believe that Defendant was applying for citizenship. *See* Decl. of Lani Su ("Su Decl.") ¶¶ 6–10; Ex. A-D, ECF 22-1. Defendant filed a reply in support of its motion. *See* Reply to Opp'n to Mot. ("Reply"), ECF 26.

## II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings/motions are well-grounded in fact, have a colorable basis in law, and are not filed for an

improper purpose. Fed. R. Civ. P. 11(b); *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 542 (1991). If a court finds that Rule 11(b) has been violated, the court may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court."). However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id*. at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id*.

In determining whether Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading." *Cooter*, 496 U.S. at 399. However, courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1983 Amendment). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter*, 496 U.S. at 396.

### III. DISCUSSION

In the Ninth Circuit, Rule 11 sanctions are appropriately imposed where: (1) a paper is filed with the court for an improper purpose; or (2) the paper is "frivolous." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). A "frivolous" argument or claim is one that is "*both* baseless *and* made without a reasonable and competent inquiry." *Id.* (emphasis added). Accordingly, when sanctions are sought on the basis of a complaint, the Court must determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

Defendant moves for Rule 11 sanctions on the basis that Plaintiff filed a "***repetitive***

3

1  motion to remand that is based on *plainly false* factual contentions which have no evidentiary
2  support and are not specifically identified to have evidentiary support after a reasonable
3  opportunity for further investigation or discovery." Mot. 2 (emphasis in original). Plaintiff
4  counters that the motion was filed "in good faith," and after a "reasonable inquiry into the law and
5  facts of this case." *See* Opp'n. 2. The Court finds that Defendant's motion for sanctions is
6  unwarranted.

7      Defendant's assertion that Plaintiff's motion is "repetitive" is incorrect. Defendant alleges
8  that Plaintiff first requested remand in its opposition to Defendant's motion to dismiss. *See* Mot.
9  4. Defendant refers to one line in the conclusion of Plaintiff's opposition brief where Plaintiff
10  requested as relief that Defendant's motion to dismiss be denied, and the case be remanded. *See*
11  Opp'n to Mot. to Dismiss 6, ECF 11. A single line in an opposition to a motion to dismiss cannot
12  reasonably be construed as a motion for affirmative relief, and neither Defendant nor the Court
13  interpreted it that way at the time.

14      Defendant further argues that Plaintiff's motion to remand was frivolous, arguing that
15  Plaintiff's attorneys failed to conduct an inquiry before asserting factual allegations, which
16  resulted in a motion that was not based on actual factual or legal support. *See* Mot. 7-8.
17  Defendant claims that Plaintiff's counsel "did not conduct any semblance of an investigation into
18  the factual contentions they put forth because they do not have any evidence to support these
19  contentions." Mot. 8. However, Plaintiff has produced the declaration of Lani Su, Defendant's
20  LinkedIn profile, a 2020 statement of information for BuildSimHub, and 2019-2020 statements of
21  information for Telece in support of Plaintiff's contentions that Defendant was applying for
22  citizenship, and Plaintiff's counsel asserts that he did conduct an investigation into the asserted
23  factual contentions. *See* Opp'n. 5-7; Su Decl ¶¶ 6–10; Exh. A-D. Plaintiff's counsel argues he did
24  not "solely rely on his client's statements" or on "unverified hearsay" as Defendant claims, but on
25  a sworn declaration and business records that demonstrate Defendant's connection to the United
26  States, specifically California. *See id;* Mot. 8. The Court agrees with Plaintiff that the motion was
27  not frivolous or baseless.

28      Defendant's contentions that Plaintiff intentionally misconstrued the law and cited

irrelevant case law are also unsupported. *See* Mot. 9. Defendant argues that "Plaintiff intentionally misconstrued 28 U.S.C. § 1332(a)(2) to read that diversity jurisdiction does not exist between a citizen of a state and a temporary visa holder who can apply for permanent residence status." *Id.* However, Plaintiff actually argued that diversity jurisdiction does not exist because Defendant had applied for, and would likely receive, permanent resident status. *See* Mot. to Remand. 5. Plaintiff further cited Congressional intent that diversity be eliminated between a U.S. Citizen and a foreign national who is deeply connected to the state in which the U.S. citizen is domiciled, which Plaintiff argued should apply to Defendant because of Defendant's extensive business connections to California. *See id.* at 4. Although Plaintiff was ultimately incorrect in its allegations, Defendant has not demonstrated that Plaintiff intentionally misconstrued the law.

There is no evidence to support Defendant's final contention that Plaintiff's motion was filed for improper purpose. *See* Mot. 10. Plaintiff submits that it had circumstantial evidence from which Plaintiff mistakenly, but in good faith, believed that Defendant had applied for permanent residency. *See* Opp'n. 2, 5. Although the Court ultimately disagreed with Plaintiff and found that there was subject matter jurisdiction based on diversity of citizenship, the Court does not find that Plaintiff filed the instant action for a frivolous or improper purpose.

## IV.  ORDER

For the foregoing reasons, Defendant's Motion for Rule 11 Sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge

5