Leon E. Jew (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Tel: (925) 463-3288
Fax: (925) 463-3218
Email: leon.jew@dahyee.com
Attorney for Plaintiff

Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Tel: (650)475-6289
Fax: (510)987-8411
Email: Andy.Liu@AptumLaw.us
Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZHENG ZHANG, an individual<br><br>Defendants. | Case No. 5:20-cv-03579-BLF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Civil Local Rule 16-9<br><br>Date:     May 6, 2021<br>Time:    11:00 AM<br>Place:    Courtroom 3<br><br>Judgn:   Hon.  Beth Labson Freeman |

1   Pursuant to Northern District of California Civil Local Rule 16-9, the parties to the

2   above-titled action hereby submit this Joint Management Conference Statement in advance of the

3   conference now scheduled for May 6th, 2021 at 11:00 A.M.

4   1.   **JURISDICTION AND SERVICE**

5   **Plaintiff's Statement:** In Plaintiff's previous Motion to Remand, this Court has decided

6   that it possesses diversity jurisdiction over this action.

7   **Defendants' Statement:** This Court has already decided that both personal jurisdiction

8   and subject matter jurisdiction are proper. See ECF 23.

9   2.   **FACTS**

10   **Plaintiff's Statement:** Talece Inc. ("Plaintiff" or "Talece") is a corporation incorporated

11   under the laws of the State of Delaware, registered to do business in the State of California as a

12   foreign corporation. It is an e-commerce website platform specializing in the construction and

13   architectural design industry, with its principal California officer located at 4500 Great America

14   Pkway., Santa Clara, CA 95054. Defendant Zheng Zhang ("Defendant") served as CEO and

15   CFO of Talece from approximately February 4, 2019 to February 14, 2020.

16   Throughout his tenure as CEO and CFO, Defendant committed numerous breaches of

17   fiduciary duties, as well as acts of finance conversion and self-benefit that has harmed Plaintiff

18   greatly. Utilizing his exclusive access to Talece's company account, he transferred Plaintiff's

19   funds to Buildsimhub Inc. and Tech Prefab Inc, companies that he co-founded. He has also used

20   Plaintiff's software, website codes, and other non-financial assets to enrich his company and

21   himself. Defendant has also entered into at least one contract—Michael Yao's contract is the

22   only one Talece is currently aware of—where he only accounted for a fraction of the client's

23   payment in Talece's January 2020 annual statement. Furthermore, he did not inform his

24   successor about the contract until his departure. Thus, Talece was unable to fulfill the contract

25   and was left open to legal action by client. He also knowingly entered a construction contract

26   with the client despite knowing that Talece does not have the license to do so.

27

28

1       Defendant has also refused to provide Talece shareholders with an accounting, although

2  they have made numerous requests. Because of this, Plaintiff has little to no financial

3  information regarding the company's transactions during Defendant's time of employment.

4       For these reasons, Plaintiff has brought this action in order to recover damages and

5  ascertain the potential effects of Defendant's breaches of duty, conversion, and lack of disclosure

6  against Plaintiff and shareholders.

7     **Defendants' Statement:** Talece Inc. ("Talece") is a corporation with the goal of

8  utilizing software to allow users to design single-family homes on their computers and then have

9  a building company build the customized home after paying Talece. When Defendant Zhang was

10  creating Talece Inc., he had the goal of making building customization in the building

11  construction industry less arduous for a layperson and more economical. Defendant Zhang was

12  CEO of Talece from December 2018 to February 2020. Around December 2018, Mr. Ming

13  Zhang and Defendant Zhang agreed to work together towards this goal. Mr. Ming Zhang became

14  the majority shareholder, and Defendant Zhang, Mr. Weili Xu, and Mr. Haopeng Wang became

15  minority shareholders. The partnership involved Mr. Ming Zhang agreeing to provide starting

16  capital to incorporate and maintain Talece while Defendant Zhang provided priceless sales

17  expertise through leveraging his contacts in the San Francisco Bay Area construction industry, as

18  well other parts of the United States, to gather resources for Talece.

19       Although the partnership seemed like a good idea, it quickly collapsed. Mr. Ming Zhang

20  used an unorthodox, pushy, confrontational management style that clashed with the personable

21  business approach of Defendant Zhang, the other key officers, and shareholders. Consequently,

22  corporate officers Defendant Zhang, Mr. Xu, and Mr. Wang resigned. They believed Talece

23  would not survive in the United States with Mr. Ming Zhang's hostile and poor management.

24  After Defendant Zhang, Mr. Xu, and Mr. Wang resigned, Mr. Ming Zhang has been exacting

25  personal revenge on each of them. First, Mr. Ming Zhang tried to hold a last-minute shareholder

26  meeting to fire them and usurp their peaceful resignations. Second, Mr. Ming Zhang filed a false

27  police report with the Santa Clara Police Department alleging that Defendant Zhang embezzled

28  corporate funds. This case was quickly closed, lacking a legal and factual basis. Lastly, after his

1  futile police report, Mr. Ming Zhang is now shrouding himself with the corporate veil to file this

2  lawsuit against Defendant Zhang under Talece's name.

3      3.   **LEGAL ISSUES**

4      **Plaintiff's Statement:**  Plaintiff alleges complaints of 1) breach of fiduciary duties; 2)

5  unjust enrichment; and 3) conversion against Defendant. Plaintiff further requests that Defendant

6  provide an accounting of the company's daily operations and finances during Defendant's tenure

7  as CEO and CFO of Talece.

8      **Defendants' Statement:** Legal issues in this dispute include (1) Defendant Zhang's

9  alleged breach of fiduciary duty to Talece and its shareholders in regards to company finances;

10  (2) Defendant Zhang's alleged unjust enrichment; (3) Defendant Zhang's alleged conversion of

11  Talece's assets and property; (4) Defendant Zhang's alleged failure to return business records

12  and account information; and (5) whether Plaintiff is entitled to punitive damages, costs,

13  expenses, and reasonable attorney's fees.

14      Defendant Zhang intends to file counterclaims against Talece, the majority shareholder

15  Ming Zhang and Talece's Secretary Lanhai Su for breach of fiduciary duty and breach of implied

16  convent of good faith and fair dealing, based on the fact that Talece received more than $85,000

17  PPP loans in 2020 and 2021, but Lanhai Su and Ming Zhang have not provided an accounting of

18  this $85,000 PPP loan to any of Talece's shareholder.

19      4.   **MOTIONS**

20      **Plaintiff's Statement:**  Defendant has filed a Motion to Dismiss for Failure to State a

21  Claim under FRCO 12(b)(6) against Plaintiff's First Amended Complaint. Plaintiff has submitted

22  its opposition. It is scheduled to be heard without need for oral argument on April 29, 2021.

23  However, if the Court finds Plaintiff's complaint inadequate in its pleadings, Plaintiff has, in its

24  opposition, requested that the Court grant it an opportunity to amend.

25      **Defendants' Statement:** There is one pending motion before the Court: Defendant's

26  second motion to dismiss.

27      5.   **AMENDMENT OF PLEADINGS**

28

Joint Case Management Statement                                    No. 5:20-cv-03579-BLF

1   **Plaintiff's Statement:** In response to the Court's agreement with Defendant's first

2   Motion to Dismiss—where the Court allowed Plaintiff to amend—Plaintiff has submitted its

3   First Amended Complaint. Pending the Court's decision on Defendant's second Motion to

4   Dismiss, Defendant has not yet filed an answer.

5   **Defendants' Statement:** Defendant has not filed an answer yet, pending the Court's

6   ruling on the 12(b)(6) motion to dismiss.

7   6.   **EVIDENCE PRESERVATION**

8   **Plaintiff's Statement:** Plaintiff's counsel requests that Defendant preserve all electronic

9   files relating to Talece Inc. and his transactions with Talece that are in its possession. The parties

10   have not yet met and conferred in regard to steps to be taken to preserve and exchange evidence.

11   **Defendants' Statement:**  Defendant's Counsel is requesting Plaintiff preserve all

12   electronic files relating to Talace that are in possession of Plaintiff and its majority shareholder

13   Ming Zhang. The parties have not yet met and conferred about the proportionate steps to be

14   taken to preserve evidence.

15   7.   **DISCLOSURES**

16   **Plaintiff's Statement:** Plaintiff has complied with the initial disclosure requirements of

17   Fed. R. Civ. Pro. 26.

18   **Defendants' Statement:** Defendant has complied with the initial disclosure requirements

19   of Fed. R. Civ. Pro. 26.

20   8.   **DISCOVERY**

21   **Plaintiff's Statement:** Plaintiff anticipates propounding written discoveries and video

22   conference depositions on Zheng Zhang, as well as other potential persons with knowledge of

23   the issues at trial. Plaintiff is currently responding to Defendant's first set request for production

24   of documents.

25   **Defendants' Statement:** Defendant propounded Request for Production, Set One on

26   Plaintiffs. On April 15, 2021, Plaintiffs served their response. Defendant found Plaintiffs'

27   response deficient and conducted a meet and confer conference with Plaintiff's Counsel.

28   Plaintiff's served their amended response on April 23, 2021. Defendant founded Plaintiff's

amended response remain deficient and incomplete. Defendant conducted a second meet and confer conference with Plaintiffs' Counsel on April 26. Plaintiffs' Counsel Leon Jew agreed to submit their second amended response by May 7, 2021.

9. **CLASS ACTION**

This is not a class action.

10. **RELATED CASES**

**Plaintiff's Statement:** Parties in this case share representatives with those of parties in the current case Buildsimhub v. Beijing Jianyi et al., case no. 5:20-cv-09098-EJD. The Court headed by the Hon. Beth Labson Freeman ultimately concluded by order that the two cases are not related enough to be joined together.

**Defendants' Statement:** Defendant is not aware of any cases related to the present case.

11. **RELIEF SOUGHT**

**Plaintiff's Statement:** Plaintiff seeks judgment against Defendant for 1) at least $250,000, the loss that Plaintiff sustained as a result of Defendant's malfeasance; 2) any other profit Defendant received a proximate result of Defendant's malfeasance; 3) Plaintiff's costs that it has spent in pursuing this action, including attorney's fees, accountant and expert fees, and other associated costs; 4) punitive damages as this court deems suitable; 5) any other further relief as this Court deems proper and necessary.

**Defendants' Statement:** Defendant Zhang seeks dismissal of this case. The damages sought by Plaintiff in this suit are improper. Plaintiff has not provided any basis on which its alleged damages are calculated.

If this case is not dismissed in its entirety, Defendant plans to file counterclaims against Talece, Mr. Ming Zhang, and Ms. Lanhai Su and seeking recovery for damages resulting from Talece, Ming Zhang, and Lanhai Su's breach of fiduciary duties, breach of contract and implied covenant of good faith and fair dealing.

12. **SETTLEMENT AND ADR**

**Plaintiff's Statement:** Parties have exchanged settlement discussions and have been unsuccessful in resolving the issues independently. Furthermore, a settlement conference on

6

April 16, 2021, directed by the Hon. Virginia K. DeMarchi, was unable to result in a resolution

between parties. Plaintiff remains willing to participate in future ADR sessions for early

resolution.

**Defendants' Statement:** Defendant has made an offer of global settlement. That is—

each party walks away from all pending lawsuits that they have against each other and their

associated entities.

Plaintiff refused, insisting on an approximate $230,000 payment.

On April 16, 2021, Defendant participated in the settlement conference held by

Magistrate Judge Virginia K. DeMarchi. Defendant provided detailed corporate documents

supporting Defendant's defense that Plaintiffs' alleged embezzlement was past expenses which

were acknowledged and approved by Plaintiffs. However, Plaintiffs ignored those proofs and

insisted on an unreasonable demand with no factual or legal basis. The case did not settle.

Although Defendants remain willing to participate in ADR for early resolution, it seems that this

case should be resolve by a jury trial as soon as possible to avoid further delays.

13.   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**Plaintiff's Statement:** Plaintiff has consented to a Magistrate Judge's authorities for

certain motions.

**Defendants' Statement:** Defendant Zhang is willing to consent to Magistrate Judge for

certain motions.

14.   **OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the

Judicial Panel on Multidistrict Litigation.

15.   **NARROWING OF ISSUES**

**Plaintiff's Statement:** Plaintiff has gone through an independent informal audit of its

finances and was unable to obtain additional information that would allow Plaintiff to narrow the

issues at hand.

**Defendants' Statement:** Defendant Zhang believes Talece should review all corporate

documents Defendant transferred before this lawsuit and conduct internal accounting and

auditing so that it can understand where its funds were spent, before making false accusations about Defendant has misused those funds. After the accounting and auditing, Defendant is confident that Plaintiff would feel obligated to retract its legal claims.

16.   **EXPEDITED TRIAL PROCEDURE**

**Plaintiff's Statement:** Defendant has requested that Plaintiff stipulate to an expedited trial. However, it is Plaintiff's position is that this case is not suitable to be handled under the expedited trial procedure. In parties' prior CMC statement, it was both parties' position that this case is not suitable to be handled under the expedited trial procedure.

**Defendants' Statement:** On April 21, 2021, Defendant requested Plaintiffs' Counsel a stipulation on an expedited trial. During the phone call, Plaintiffs' Counsel Leon Jew agreed on an expedited trial, agreed a five-day trial will be appropriate, and delivered that he will go back to look at his calendar and propose a trial date. Based on Plaintiffs' consent on an expedited trial, Defendant later on April 21, 2021, sent Plaintiffs a proposed expedited trial agreement. Plaintiff never replied to Defendant.

Defendant asks Plaintiff to sign the agreement to the expediate trial procedure, as its lawyer has already agreed to.

17.   **SCHEDULING**

**Plaintiff's Statement:** Plaintiff believes the efforts to schedule the close of discovery, the hearing of dispositive motions, expert-witness disclosure and trial will be necessary and/or more productive if parties fail to reach an agreement through early settlement conference.

**Defendants' Statement: Defendant proposes the following dates:**

| Tasks | Deadlines |
| --- | --- |
| Non-expert cut-off date | May 31, 2021 |
| Expert discovery cut-off date | May 31, 2021 |
| Dispositive motions | August 31, 2021 |
| Jury Trial | September 31, 2021 |

18. **TRIAL**

**Plaintiff's Statement:** Plaintiff believes that a jury trial of the claims and any potential counterclaims would take five days.

**Defendants' Statement:** Defendant Zhang estimates that a jury trial of the claims and potential counterclaims would take two to three days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff's Statement:** Plaintiff has submitted its Corporate Disclosure Statement and Certificate of Interested Entities as required by FRCP 7.1 and Local Rule 3-15.

**Defendants' Statement:** Defendant has submitted his Corporate Disclosure Statement and Certificate of Interested Entities as required by FRCP 7.1 and Local Rule 3-15.

20. **PROFESSIONAL CONDUCT**

**Plaintiff's Statement:** Plaintiff's counsel Leon E. Jew has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Defendants' Statement:** Defense counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

As of the filing of this Joint Case Management Conference Statement, the parties are unaware of any other matters that may facilitate the just, speedy, or inexpensive disposition of this matter.

Dated: April 29, 2021

/s/Leon E. Jew
Leon E. Jew
Attorney for Plaintiff

/s/Zheng Liu
Zheng Liu
Attorney for Defendant