**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TALECE INC., <br><br>             Plaintiff, <br><br>       v. <br><br> ZHENG ZHANG <br><br>             Defendant. | Case No.  20-cv-03579-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** <br><br> [Re: ECF 38] |

Defendant Zheng Zhang ("Defendant") brings a Motion to Dismiss Plaintiff Talece Inc.'s ("Plaintiff") First Amended Complaint ("FAC"), ECF 36. Defendant moves to dismiss the FAC for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss ("Mot.") 7, ECF 38. In the alternative, Defendant moves for a more definite statement. *Id*. Pursuant to Civil Local Rule 7-1(b), the Court finds that Defendant's Motion is appropriate for determination without oral argument. Having considered the briefing of the parties, the Court DENIES Defendant's Motion to Dismiss and Defendant's Motion for a More Definite Statement.

**I.   BACKGROUND**

   **A. Factual History**

Plaintiff is a Delaware corporation with its principal place of business in Santa Clara, California. FAC ¶ 2. Defendant is the former Chief Executive Officer (CEO) and former Chief Financial Officer (CFO) of Plaintiff. *Id.* ¶ 3. Plaintiff describes itself as an "online construction and material distribution company," which uses "software to locate resources and products to streamline distribution logistics for its customers." *Id.* ¶ 2.

1    Plaintiff brings four causes of action against Defendant: breach of fiduciary duty, unjust
2    enrichment, conversion, and accounting. *Id*. ¶¶ 23–43. Plaintiff alleges that from February 4, 2019,
3    to February 14, 2020, while Defendant was serving as CEO and CFO for Plaintiff, Defendant
4    refused to provide requested information regarding Plaintiff's financial state, submitted incorrect
5    financial reports, transferred money from Plaintiff's business accounts into Defendant's personal
6    accounts, and stole Plaintiff's intellectual property for use in Defendant's new company. *Id*. ¶¶ 8,
7    9, 15, 20.

8    Defendant seeks to dismiss Plaintiff's FAC under 12(b)(6), specifically on the bases that it
9    fails to meet the heightened pleading standard for shareholder derivative actions under Rule
10   23.1(b); Plaintiff's claims are either conclusory legal statements or implausible factual allegations
11   that are insufficient to meet the 12(b)(6) pleading standards; Plaintiff's intellectual property theft
12   allegations fail to meet the heightened pleading requirements for allegations based on fraud under
13   Rule 9(b); and Plaintiff's accounting cause of action is unwarranted. Mot. 10, 12, 14, 16, 17. In the
14   alternative, Defendant requests a more definite statement. *Id.* 6. Plaintiff opposes on the grounds
15   that this action is properly brought by Plaintiff Talece as a corporation and not by one of its
16   shareholders, its FAC has alleged facts sufficient to support its fraud-based claims under 9(b), and
17   Plaintiff's claim for accounting is appropriate given that Defendant refuses to provide Plaintiff
18   with the requested financial records. Opp'n. 3–11. Plaintiff also argues that Defendant's Motion
19   for a More Definite Statement is not appropriate, as Defendant is seeking additional extrinsic
20   evidence not required for Defendant to properly answer the FAC. *Id.* 10-11.

21   **B. Procedural History**

22   Plaintiff filed its initial complaint in the above-captioned action in Santa Clara County
23   Superior Court on May 18, 2020. *See* Compl., ECF 1-1. Ten days later, on May 28, 2020,
24   Defendant removed the case to this Court. *See* Notice of Removal, ECF 1. Plaintiff filed a motion
25   to remand the case on July 13, 2020. *See* Mot. to Remand, ECF 17. Plaintiff's motion to remand
26   was denied on September 8, 2020. *See* Order Den. Mot. to Remand, ECF 23.

27   On June 10, 2020, Defendant filed his motion to dismiss Plaintiff's original complaint. *See*
28   Mot. to Dismiss, ECF 5. The Court granted Defendant's motion with leave to amend on October

2

22, 2020, on the basis that Plaintiff had not sufficiently pled causes of action for fraud under 9(b). *See* Order Granting Mot. to Dismiss, ECF 35. Plaintiff filed its FAC on November 20, 2020. *See* FAC. On December 3, 2020, Defendant filed his motion to dismiss Plaintiff's FAC. *See* Mot. Plaintiff filed its opposition on December 17, 2020. *See* Opp'n to Mot. to Dismiss ("Opp'n."), ECF 40. Defendant replied on December 24, 2020. *See* Reply to Opp'n ("Reply"), ECF 41.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting Rule 8(a)(2)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### B. Federal Rule of Civil Procedure 9(b)

When a party pleads a cause of action for fraud or mistake, it is subject to the heightened pleading requirements of Rule 9(b). "In alleging fraud or mistake, a party must state with

3

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted). Claims of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), *superseded by statute on other grounds* (internal citation omitted).

If a "claim is said to be 'grounded in fraud' or to 'sound to fraud,' [then] the pleading of that claim as a whole must satisfy that particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). For example, a claim may be "grounded in fraud" if the "plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* at 1103.

The applicability of Rule 9(b) hinges not on the elements of the claim but rather on the nature of the allegations themselves: "Rule 9(b) applies to 'averments of fraud' in all civil cases in federal district court . . . in cases in which fraud is not an essential element of the claim, Rule 9(b) applies, but only to particular averments of fraud." *Vess*, 317 F.3d at 1103; *see also Kearns*, 567 F.3d at 1124 ("Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard."). Fraud can thus be averred "by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Vess*, 317 F.3d at 1105 (citations omitted).

**C. Federal Rule of Civil Procedure 12(e)**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "However, motions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *I.R. ex rel. Nava v. City of Fresno*, No. 1:12–CV–00558 AWI GSA, 2012 WL 3879974, at *1 (E.D.Cal. Sept. 6, 2012)

1  (internal quotation marks and citations omitted). A Rule 12(e) motion must be denied "if the
2  complaint is specific enough to notify defendant of the substance of the claim being asserted," or
3  "if the detail sought by a motion for a more definite statement is obtainable through the discovery
4  process." *Id.*

### III. DISCUSSION

#### A. Documents Attached to Defendant's Motion

As a preliminary matter, Defendant's Motion to Dismiss includes references to various attachments and declarations. *See e.g.,* Mot. 10-11. District courts generally may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," the motion to dismiss converts into a motion for summary judgment under Rule 56, where both parties must have the opportunity "to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Neither applies here. Plaintiff has not extensively referred to any attachment or document in its FAC that Defendant references in his Motion such that it could properly be incorporated-by-reference. *See id.* at 1002; *see also* FAC. Nor has Defendant asked this Court to take judicial notice of these documents. Therefore, this Court will not consider these attachments and declarations when evaluating the Motion to Dismiss and Motion for a More Definite Statement.

#### B. Shareholder Derivative Suit

Defendant contends that Plaintiff brings a *de facto* shareholder derivative suit in this present action, through shareholder Mr. Ming Zhang. Mot. 11-12. Accordingly, Defendant argues that Plaintiff is subject to the heightened pleading requirement for a shareholder derivative suit under 23.1(b), which it allegedly fails to meet. *Id.* Plaintiff responds that this action is neither a derivative nor direct shareholder suit since it is brought by Talece Inc. as a corporation rather than by an individual shareholder. Opp'n. 3. The Court agrees with Plaintiff.

It is a "basic principle of corporate governance that the decisions of a corporation—including

the decision to initiate litigation—should be made by the board of directors or the majority of shareholders." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 101 (1991) (citation and quotations omitted). As such, a "derivative form of action permits an individual shareholder to bring suit to enforce a corporate cause of action against officers, directors, and third parties" only when the board of directors refuses to bring the suit on behalf of the corporation. *Kamen*, 500 U.S. at 95. Indeed, to bring a derivative suit a shareholder must prove "that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions." *Ross v. Bernhard*, 396 U.S. 531, 534 (1970).

In his Motion, Defendant does not address that this action is brought by Plaintiff Talece in its capacity as a corporation, rather than by an individual shareholder. *See generally,* Mot. Defendant appears to argue that Plaintiff Talece has become defunct, on the basis that all shareholders other than Mr. Ming Zhang have resigned, and therefore Talece can no longer function as a corporation. Mot. 10-11. As discussed, the Court will not consider Defendant's extrinsic evidence in support of this argument, and Defendant does not cite to any part of Plaintiff's FAC indicating that Plaintiff is no longer functioning as a corporation. *See generally* Mot. The FAC further fails to provide any indication that Mr. Ming Zhang is attempting to bring this lawsuit himself on behalf of Talece, Inc. The named party in the litigation is Talece, Inc., and the FAC does not even hint at an attempt to allege that there was a denial from Plaintiff Talece's board of directors to bring this action, as would be required under Rule 23.1 to bring a shareholder derivative suit. *See generally* FAC. As such, Defendant has not provided the Court with any properly considered evidence or plausible allegations that this action is brought on behalf of a shareholder rather than by Plaintiff Talece as a corporation, and Plaintiff is not subject to the heightened pleading requirement under 23.1(b).

**C. Failure to State a Claim Under 12(b)(6)**

Defendant argues that Plaintiff's FAC should be dismissed under Rule 12(b)(6) because its claims are "conclusory allegations of law" and "implausible factual allegations." Mot. 14. Plaintiff counters that it has alleged facts sufficient to establish causes of action for each of its claims. Opp'n. 6-11.

Defendant's arguments that the FAC is based on allegations that are implausible and non-commonsensical are improper under the standard for dismissal under Rule 12(b)(6), where "dismissal is proper if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Because Plaintiff has not alleged any claims which apparently cannot be proven by a given set of facts, the Court does not agree with Defendant's characterization of Plaintiff's claims as implausible or non-commonsensical.

Defendant argues that Plaintiff's FAC is "fraught with conclusory statements," citing as an example Plaintiff's allegation that funds were transferred from Plaintiff's accounts into an account of an unknown third party that likely belongs to Defendant. Mot. 13. Defendant argues that Plaintiff unreasonably inferred that this transfer was made to an account that was linked with him simply because "[Plaintiff] does not recognize it." *Id.* Defendant misrepresents Plaintiff's argument. Earlier in its FAC, Plaintiff alleges that at the time of the transfer, "Defendant was the only person within Talece to have access to the company's updated financial records and history," the transfers were not listed in financial reports, Plaintiff's secretary Ms. Lani Su was not sure who the transfer went to, and upon request Defendant refused to provide any financial records indicating where the transferred money was sent. FAC ¶ 15. The Court finds that these allegations are sufficient at this stage to support the inference that the bank account to which the funds were transferred belongs to Defendant.

The Court also disagrees with Defendant's contention that it is implausible that Defendant could have transferred the funds without Mr. Ming Zhang's knowledge, if Mr. Ming Zhang was also acting as CFO. Mot. 15. It does not follow, as Defendant contends, that simply because Mr. Ming Zhang also believed himself to be acting in the capacity of CFO for Plaintiff while the alleged fraudulent transfers occurred that Mr. Ming Zhang had access to all of Plaintiff's financial documentation, or that Defendant had released the documents such that Mr. Ming Zhang was even able to review them if he wished. In fact, Plaintiff's FAC alleges that Defendant operated with "great secrecy" and "outright refused to provide the requested information." FAC ¶ 8. Accepting this allegation as true at this stage, and drawing all inferences in Plaintiff's favor, it is not

1  unreasonable to conclude that even if Mr. Ming Zhang was acting as CFO, Defendant precluded
2  Mr. Ming Zhang from accessing records evidencing Defendant's alleged fraudulent transfers of
3  funds.
4        Finally, Defendant's contention that it is implausible to deduce that Defendant stole
5  Plaintiff's intellectual property without providing an image of Plaintiff's website is also incorrect.
6  *See* Mot. 14. In considering a motion to dismiss, the Court must "accept factual allegations in the
7  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
8  *Manzarek*, 519 F.3d at 1031. Plaintiff has alleged that its website contained intellectual property,
9  including "website coding, software technology, [and] formats." FAC ¶ 20. Plaintiff has further
10 alleged that Defendant stole the intellectual property when he formed a new company which had a
11 website with identical features and services to Plaintiff's website. *Id.* ¶ 18. If accepted as true,
12 these allegations are sufficient to deduce that Defendant did steal Plaintiff's intellectual property,
13 absent an image of Plaintiff's website confirming as much. *See Hill Phoenix, Inc. v. Classic*
14 *Refrigeration SoCal, Inc.*, No. SACV190695DOCJDEX, 2019 WL 7172977, at *6 (C.D. Cal.
15 Sept. 6, 2019) (noting that allegations regarding theft of trade secrets, when construed most
16 favorably to plaintiff, are sufficient to infer that plaintiff owned the trade secret).

### D. Failure to Meet Heightened Pleading Standard Under 9(b)

18       Defendant additionally argues that Plaintiff's claims for intellectual property theft are
19 claims of "theft by false pretenses," which like fraud claims are subject to the heightened pleading
20 standard under Rule 9(b). Mot. 16. Defendant contends that the FAC does not meet the heightened
21 pleading standard because it does not provide printouts or other evidence of the alleged replicated
22 website, and, as such, Plaintiff's intellectual property theft allegations based on the website should
23 be dismissed. Mot. 17. Plaintiff responds that it has alleged sufficient facts to support its claims for
24 intellectual property theft, and it is not necessary for Plaintiff to submit extrinsic evidence of the
25 similarity of the websites at this stage in the litigation. Opp'n. 9-11.
26       Although the Court agrees that Plaintiff's claims relying on intellectual property theft are
27 subject to the heightened pleading standards for fraud under 9(b), *see* Order Granting Defendant's
28 First Mot. to Dismiss, ECF 35, it's not clear from Defendant's Motion under what basis Defendant

now attempts to characterize these claims as "theft by false pretenses" under Cal. Penal Code § 496. Regardless, the Court finds that Plaintiff adequately alleges the "who, what, when, where, and how" of the intellectual property theft as required under 9(b). *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

In its FAC, Plaintiff provides that on February 4, 2020, it discovered that Tech Prefab, Inc. ("Tech Prefab"), a company of which Defendant is co-founder, had a website that was a "near exact replica of Talece's in both aesthetic, content, customer services, and user interface." FAC ¶ 18. The FAC further alleges that Tech Prefab's website even contained a graphic bearing Talece's name and logo. *Id.* Based on the similarity, Plaintiff concludes that it has reason to believe that Defendant took its intellectual property, such as "website coding, software technology, [and] formats" with him to his new company, Tech Prefab. *Id.* at ¶ 20. The Court finds that Plaintiff has adequately alleged which of its intellectual property was stolen, approximately when it was taken, by whom, and where it went such that Plaintiff's allegations meet the 9(b) pleading requirements.

**E. Accounting**

Finally, Defendant argues that Plaintiff's claim based on accounting should be dismissed, because the requested accounting is not so complicated as to warrant an accounting action. Mot. 18. Plaintiff responds that the action is appropriate because the requested information is in the sole possession of Defendant, who refuses to provide it to Plaintiff. Opp'n. 11. The Court finds that the accounting claim is appropriate because of Plaintiff's fiduciary relationship with Defendant.

A claim for accounting "may be brought to require a defendant to account to a plaintiff for money or property: (1) where a fiduciary relationship exists between the parties, or (2) where, though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Lee v. U.S. Bank*, No. C 10-1434 RS, 2010 WL 2635777, at *12 (N.D. Cal. June 30, 2010) (*citing Civic W. Corp. v. Zila Indus.*, Inc., 66 Cal. App. 3d 1 (1977)). Proof that the accounts are complicated is not necessary when there is an existence of a fiduciary relationship. *See Cruz v. United States*, 219 F. Supp. 2d 1027, 1040 n. 8 (N.D. Cal. 2002) (noting that "the existence of a fiduciary relationship between plaintiffs and Wells Fargo would also give rise to a cause of action for accounting" absent a finding that "the underlying

1  action and accounts are so complicated that a normal action for a fixed sum is not practical."). The
2  Court finds that Plaintiff has sufficiently established a fiduciary relationship between itself and
3  Defendant, as Defendant was the former CEO and CFO for Plaintiff. FAC ¶ 3. *See Gantler v.*
4  *Stephens*, 965 A.2d 695, 708 (Del. 2009) (holding that an officer of a Delaware corporation owes
5  fiduciary duties of care and loyalty to the corporation). As such, Plaintiff is entitled to bring an
6  accounting claim against Defendant without alleging complicated accounts.

### F. Motion for a More Definite Statement

Defendant requests in the alternative that Plaintiff provide a more definite statement (1) explaining the wrongfulness of Defendant's use of $57,341.00 for Plaintiff's internal operations, and (2) to "specifically allege what intellectual properties are at issue and provide print-outs or comparisons of the "near exact replica" websites and logos." Mot. 8, 17.

Defendant argues that without a more definite statement regarding the FAC's allegation that Defendant mishandled the $57,341.00 obtained from one of Plaintiff's customers, Defendant is "unable to comprehend how this fully agreed-to reimbursement transaction constitutes a wrongdoing." Mot. 8. The Court disagrees. The FAC alleges that Defendant sent a bill of $57,341.00 to Jianyi, a company with whom Plaintiff does business, on the pretense that the fee was reimbursement for services that Plaintiff would perform for the customer. FAC ¶¶ 10-11. The FAC further alleges that from the financial report, it became evident that Defendant did not use the funds for internal operations specific to Jianyi as Defendant claimed he would, but rather Defendant used the funds for other undisclosed internal matters. *Id.* These allegations are sufficient to allow Defendant to comprehend how this reimbursement constitutes a wrongdoing—Defendant has allegedly used funds designated for internal matters related to a specific client for other, undisclosed internal matters not related to that client.

Defendant also requests that Plaintiff provide a more definite statement regarding Defendant's alleged intellectual property theft, requiring Defendant to "specifically allege what intellectual properties are at issue and provide print-outs or comparisons of the 'near exact replica' websites and logos." Mot. 17. The Court disagrees that a more definite statement regarding the intellectual property theft is required. In its FAC, Plaintiff alleges that the intellectual property

theft concerned Defendant's taking of Plaintiff's "website coding, software technology, formats, and other resources." FAC ¶ 20. Plaintiff further notes that this allegation is based off of a comparison between its own website and Tech Prefab's website, which is a near exact replica of Plaintiff's in "aesthetic, content, customer services, and user interface." FAC ¶ 18. These allegations make clear which intellectual properties are at issue. Seeking evidence that could be obtained during discovery, such as print-outs or comparisons of the two websites, is not a proper request for a 12(e) motion. *I.R. ex rel. Nava*, 2012 WL 3879974 at *1

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and Motion for a More Definite Statement are DENIED.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
BETH LABSON FREEMAN
United States District Judge