UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC.,<br>            Plaintiff,<br>   v.<br>ZHENG ZHANG,<br>            Defendant. | Case No. 20-cv-03579-BLF   (VKD)<br><br>**ORDER RE AUGUST 26, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 80 |

Defendant and third-party plaintiff Zheng Zhang and third-party defendant Lanhai Su ask the Court to resolve their dispute concerning Mr. Zhang's document requests to Ms. Su. Dkt. No. 80. Neither party requests a hearing on the matter, and the Court concludes that the dispute may be resolved without one. Civil L.R. 7-1(b).

For the reasons explained below, the Court orders Ms. Su to produce responsive documents sufficient to show representations made on Talece's behalf regarding its eligibility for a PPP loan, the number of employees Talece had during the relevant time periods, the funds received from any PPP loan obtained, and how the funds were used.

**I.     BACKGROUND**

As relevant to this discovery dispute, Mr. Zhang, the former CEO of Talece, Inc., claims that Ms. Su, Talece's current CFO and CEO, retaliated against him, in part, because Mr. Zhang refused to submit a false application for federal financial assistance on Talece's behalf, and that Ms. Su breached her fiduciary duty to Talece by submitting fraudulent applications for such assistance and converting funds obtained for Talece's benefit to her own personal use. *See* Dkt. No. 67 ¶¶ 28-32, 38, 54-60, 66-69, 72-75. Ms. Su has moved to dismiss these claims, and her

1  motion will be heard on November 4, 2021.  Dkt. No. 72.

2  Mr. Zhang served discovery seeking documents relating to Talece's successful applications
3  for federal Paycheck Protection Program ("PPP") loans and the use Talece made of the funds it
4  received.  Dkt. No. 80 at 3-4, Ex. A.  Ms. Su objects to producing documents responsive to these
5  requests.  *See id.*, Exs. B, D.

## II. DISCUSSION

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Mr. Zhang argues that the documents responsive to his Requests for Production Nos. 11-22 are relevant to at least two of his claims against Ms. Su:  retaliation and breach of fiduciary duty.  Dkt. No. 80 at 6.  Ms. Su objects to this discovery on the ground it is not relevant to any claim or defense, it is unduly burdensome, and Mr. Zhang has no standing to sue for breach of fiduciary duty.  *Id.* at 6-7.  The Court addresses each of these objections.

First, with respect to the last objection, Ms. Su has raised lack of standing as a basis for her motion to dismiss Mr. Zhang's breach of fiduciary duty and conversion claims.  Dkt. No. 72 at 6-8.  However, discovery has not been stayed pending resolution of that motion, and Ms. Su may not resist discovery by arguing the merits of her standing arguments or the pendency of the motion.

Second, there can be no dispute that Mr. Zhang's third-party complaint includes allegations regarding his refusal to submit a false application for federal financial assistance and Ms. Su's subsequent application for such assistance and misuse of the funds obtained.  Whether or not these allegations are true, the discovery Mr. Zhang seeks is relevant to his claims against Ms. Su as pled.

Third, Ms. Su's objection that the requested discovery is burdensome is twofold.  She argues that the document requests are overbroad and that they implicate "private" information of Talece and its employees.  The Court has considered Mr. Zhang's document requests and finds

that they are overbroad, in that they seek all documents "relating to" the referenced subject matter without meaningful limitation. This scope of discovery is not proportionate to the needs of the case, which (for purposes of this dispute) is limited to evidence relevant to Mr. Zhang's retaliation and breach of fiduciary duty claims. Accordingly, the Court concludes that Mr. Zhang's discovery should be limited to documents sufficient to show representations made on Talece's behalf regarding its eligibility for a PPP loan, the number of employees Talece had during the relevant time periods, the funds received from any PPP loan obtained, and how the funds were used. If the discovery is limited in this fashion, no private information of any individual employee need be disclosed. Any documents that contain information confidential to Talece and/or Ms. Su may be protected from improper use and disclosure by means of a protective order.

## III.  CONCLUSION

Ms. Su's obligation to produce documents responsive to Mr. Zhang's Requests for Production Nos. 11-22 is limited as follows:

1. Documents sufficient to show representations made on Talece's behalf regarding its eligibility for a PPP loan, including the loan application made in or about April 2020 and the loan application made in or about January 2021.

2. Documents sufficient to show the number of employees on Talece's payroll for each pay period between January 1 and April 31, 2020.

3. Documents sufficient to show the number of employees on Talece's payroll for each pay period between May 1 and December 31, 2020.

4. Documents sufficient to show the funds received from any PPP loan obtained on Talece's behalf.

5. Documents sufficient to show how the funds received from any PPP loan obtained on Talece's behalf were used.

If Ms. Su believes in good faith that any of the foregoing documents are confidential to Talece, she may produce them to Mr. Zhang on an outside counsel's eyes only basis pending the

parties' submission of a stipulated proposed protective order for the Court's approval.[1]  Ms. Su must produce responsive documents by **October 5, 2021**.

**IT IS SO ORDERED.**

Dated: September 7, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] If the parties cannot agree on the terms of a proposed protective order, they shall submit their disagreements and respective proposed orders to the Court for consideration, pursuant to the discovery dispute resolution procedures set forth in Judge DeMarchi's Standing Order for Civil Cases.