UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TALECE INC.,<br><br>　　　　　Plaintiff-Counterdefendant,<br><br>　v.<br><br>ZHENG ZHANG,<br><br>　　　　　Defendant-Counterclaimant.<br><hr>ZHENG ZHANG,<br><br>　　　　　Third-party Plaintiff,<br><br>　v.<br><br>LANHAI SU,<br><br>　　　　　Third-party Defendant. | Case No. 20-cv-03579-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART TALECE, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART LANHAI SU'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**<br><br>[Re: ECF Nos. 71, 72] |

Before the Court are two motions: (1) Plaintiff Talece, Inc.'s Motion to Dismiss Counterclaims and Strike Answer and Affirmative Defenses, ECF No. 71 ("TMTD"); and (2) Third-Party Defendant Lanhai Su's Motion to Dismiss Third-Party Complaint, ECF No. 72 ("SMTD"). Defendant Zheng Zhang opposes both motions. *See* ECF Nos. 76 ("TMTD Opp."), 77 ("SMTD Opp."). The Court previously found the motions suitable for disposition without oral argument and vacated the November 3, 2021 hearing. *See* ECF No. 87. For the reasons stated below, both motions are GRANTED IN PART and DENIED IN PART.

**I.　BACKGROUND**

Talece filed the present action against Defendant Zheng Zhang, its former CEO and CFO,

in Santa Clara County Superior Court on May 18, 2020.  Talece, an "online construction and material distribution company" that uses "software to locate resources and products to streamline distribution logistics for its customers," claims Zhang refused to provide requested information regarding Talece's financial state, submitted incorrect financial reports, transferred money from Talece's business accounts into his personal accounts, and stole Talece's intellectual property for use in his new company.  ECF No. 36 ("FAC") ¶¶ 2-3.  Talece alleges four separate causes of action for breach of fiduciary duties, unjust enrichment, conversion, and accounting.

Zhang removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446 on May 28, 2020.  ECF No. 1.  In response, Talece brought a motion to remand on July 13, 2020, ECF No. 17, which the Court denied on September 8, 2020, ECF No. 23.  Zhang filed a motion to dismiss the original complaint, which this Court granted with leave to amend on October 22, 2020.  ECF No. 35.  Zhang filed a motion to dismiss Talece's amended complaint and a motion for a more definite statement, both of which this Court denied.  *See* ECF No. 61.[1]

After the second motion to dismiss was denied, Zhang filed an answer to the operative complaint, asserting thirty-one affirmative defenses.  ECF No. 66.  Zhang also asserted counterclaims against Talece.  Zhang alleged that Ming Zhang, the majority shareholder of Talece, and Lanhai Su reneged on their promises to fund Talece and, when the company was facing financial difficulties, sought to fraudulently apply for small business and Payroll Protection Program loans from the federal government.  *Id.* at 17-23.  Zhang alleges that he was fired when he threatened to report Ming Zhang and Su to the authorities.  *Id.*  Zhang asserted counterclaims for unlawful retaliation under 31 U.S.C. § 3730 and breach of fiduciary duty against Talece.  *Id.* at 24-25.  Zhang filed a third-party complaint against Su, asserting the two claims made as counterclaims against Talece in addition to a claim for conversion.  ECF No. 67 ("TPC").

---

[1] This Court also denied Zhang's motion for Rule 11 sanctions.  *See* ECF No. 44.

## II. LEGAL STANDARDS

### A. Motions to Dismiss – Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. Motion to Strike – Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

## III. TALECE'S MOTION TO DISMISS AND MOTION TO STRIKE

### A. Motion to Dismiss

Talece moves to dismiss both of Zhang's counterclaims for unlawful retaliation and breach of fiduciary duty. TMTD at 6-7. On the unlawful retaliation claim, Talece says that Zhang has

3

1    not pled facts sufficient to support the claim because he does not allege that he took any
2    affirmative action to expose the alleged fraudulent activity, such as filing a report with a federal
3    authority. *Id.* at 6.  For the breach of fiduciary duty claim, Talece says that Zhang lacks standing
4    to assert such a claim because he never paid the consideration required to obtain ownership of
5    Talece's stock such that he would be a minority shareholder.  *Id.* at 7.

6    The Court rejects both of these arguments.  To plead an unlawful retaliation claim under
7    the False Claims Act, Zhang must plead (1) that he engaged in a protected activity, and (2) that he
8    experienced discrimination because of the protected activity.  *U.S. ex rel. Williams v. Martin-*
9    *Baker Aircraft Co.*, 389 F.3d 1251, 1251 (D.C. Cir. 2004).  Talece points to no authority requiring
10   Zhang to have taken any specific affirmative action, such as logging a report with a federal
11   authority, to have engaged in "protected activity" under the statute.  Indeed, the single case Talece
12   cites is to the contrary.  *See Hoyte v. American Nat. Red Cross*, 518 F.3d 61, 66 (D.C. Cir. 2008)
13   (requiring only that plaintiff "be investigating matters that 'reasonably could lead' to a viable
14   False Claims Act case"); *see also U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996)
15   (same).  Accepting Zhang's allegations as true, his investigation "reasonably could lead" to a
16   viable False Claims Act case.  If his investigation revealed that Talece was filing false applications
17   for small business or Payroll Protection Program loans, those actions could form the basis for a
18   False Claims Act case.  *See Rucker v. Great Dane Petroleum Constrs., Inc.*, 2021 WL 4169420, at
19   *4 (M.D. Fla. Sep. 14, 2021) (denying motion to dismiss unlawful retaliation claim under False
20   Claims Act based in part on allegations of fraudulent use of Payroll Protection Program loans).

21   The Court also rejects Talece's challenge on the breach of fiduciary duty claim on the basis
22   of standing.  Zhang is correct that the Court cannot consider extraneous materials outside of the
23   pleadings on a motion under Rule 12(b)(6), with only limited exceptions for matters "incorporated
24   into the complaint by reference" or subject to judicial notice, neither of which is the case here.
25   *Wynn*, 829 F.3d at 1063.  Zhang has alleged that he is a minority shareholder, and the Court
26   cannot consider on a Rule 12(b)(6) motion any documents outside the pleadings that seek to
27   establish that he is not.  This ruling is made without prejudice to a proper motion challenging the
28   Court's subject matter jurisdiction.  If such a motion under Rule 12(b)(1) is filed, the Parties are

1  limited to briefing of 5-5-3 pages.

### B. Motion to Strike

Talece moves to strike (1) five of Zhang's affirmative defenses for insufficiency of pleading, TMTD at 4-6; and (2) "false and damaging" references to an alleged romantic relationship between Ming Zhang and third-party defendant Su, *id.* at 7-9. The Court adjudicates this motion through the lens that that motions to strike are "disfavored" because of a "strong policy favoring resolution on the merits." *Barnes*, 718 F. Supp. 2d at 1170.

#### i. Affirmative Defenses

Talece moves to strike five of Zhang's affirmative defenses. TMTD at 4-6. The Court declines to strike the first, twenty-second, and twenty-eighth defenses for failure to state a cause of action, lack of knowledge, and pleading uncertainty, respectively. While Talece is correct that the Court has issued orders denying Zhang's motion to dismiss the operative complaint, the Court agrees with Zhang that these defenses are too intertwined with the merits of the case for them to be stricken at this time. TMTD Opp. at 7-8. Talece is free to argue that Zhang has not met his burden to establish those affirmative defenses as the case progresses through discovery.

The Court holds that the ninth affirmative defense of laches is insufficiently pled. Talece is correct that laches is a "gap-filling doctrine" that does not bar a claim that is timely under the corresponding statutory period. *See SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod. LLC*, 137 S. Ct. 954, 960 (2017) ("[W]here there is a statute of limitations, there is no gap to fill."). Zhang has not pointed to any allegations that would support this affirmative defense. This affirmative defense is STRICKEN, but Zhang is given leave to amend to allege facts that support application of laches notwithstanding any statutes of limitations.

The Court also finds that the twenty-first affirmative defense of Business & Professions Code § 16600 is insufficiently pled. That code section renders void "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind." Cal. Bus. & Prof. Code § 16600. Zhang is correct that Talece has pleaded the existence of the agreement between the two, FAC ¶ 7, but left unpleaded by Zhang is what specific content of the agreement offends § 16600. If Zhang contends that there exists an invalid covenant not to

1    compete, he should allege so.  This affirmative defense is STRICKEN, but Zhang will be given

2    leave to amend.

### ii. Alleged Romantic Relationship Between Ming Zhang and Su

Talece finally asks the Court to strike any reference in the answer or counterclaims to an alleged romantic relationship between Ming Zhang and Su.  TMTD at 8-9.  Talece says that the allegations that Su is the "mistress or common-law wife" are "scandalous, damaging, and unsupported" and legally irrelevant.  *Id.*  Zhang says that the allegations are important because the familial relationship between Ming Zhang and Su goes to Talece's motivation for retaliating against Zhang.  TMTD Opp. at 9.  The Court will not strike these allegations at this juncture.  While the allegations are unflattering, the Court cannot say that they are entirely "immaterial" to this case.  Fed. R. Civ. P. 12(f).  As Zhang says, if true the allegations could be relevant to Talece's reasons for retaliating against Zhang and breaching fiduciary duties.  Talece is free to argue at later stages of this case that the allegations are unsupported by the evidence.

## IV. SU'S MOTION TO DISMISS

Third-party defendant Lanhai Su moves to dismiss each of the claims in Zhang's third-party complaint.  *See* SMTD.  The Court evaluates each claim in turn.

### A. Unlawful Retaliation

Su first argues that the unlawful retaliation claim against her must be dismissed.  She makes one of the same arguments as Talece:  that Zhang does not allege that he took sufficient affirmative actions in investigating fraudulent activity.  SMTD at 3-4.  The Court rejects that argument for the same reasons as specified in analyzing Talece's motion to dismiss.  Su separately argues, however, that she cannot be held liable for unlawful retaliation under the FCA because she was not Zhang's employer.  *Id.*  Zhang does not respond to this argument.

Prior to 2009, the FCA provided for a cause of action for "[a]ny employee who is discharged . . . by his or her employer because of lawful acts done by the employee."  *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001).  In 2009, Congress amended the section to expand those who could bring claims to "[a]ny employee, contractor, or agent."  31 U.S.C. § 3730(h)(1).  The amendment also reworded the language of § 3730(h)(1) such

United States District Court
Northern District of California

that the word "employer" was removed, resulting in disagreements among some district courts about whether the amendment also broadened the class of defendants who could be held liable. *Compare, e.g.*, *Fitzsimmons v. Cardiology Assocs. of Fredericksburg*, 2015 WL 4937461 (E.D. Va. Aug. 18, 2015) (individual liability possible), *with Diffley v. Bostwick*, 2017 WL 6948358 (S.D.N.Y. Dec. 6, 2017) (individual liability not possible). The "overwhelming majority of courts" have held, however, that § 3730(h) "does not create a cause of action against supervisors sued in their individual capacities." *Diffley*, 2017 WL 6948358, at *2 (quoting *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 748 & nn.8-9 (E.D. Va. 2016) (citing cases)). Two courts in this district are among those decisions. *See United States v. N. Am. Health Care*, 2015 WL 6871781, at *8 (N.D. Cal. Nov. 9, 2015); *U.S. ex rel. Fryberger v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 813-14 (N.D. Cal. 2014). The Court finds the reasoning of those courts persuasive and holds that a cause of action for retaliation under § 3730(h) does not lie against individual defendants. Because this claim fails as a matter of law, amendment would be futile and the dismissal is without leave to amend.

### B. Breach of Fiduciary Duty

Su challenges the breach of fiduciary duty claim against her solely on standing grounds, just as Talece did. SMTD at 6. The Court already rejected this argument, and so denies Su's motion as to this claim.

### C. Conversion

Su also moves to dismiss Zheng's third-party claim for conversion. Su argues that Zhang (1) lacks standing to assert his claim because he is not a minority shareholder, and (2) has not alleged that she converted any of Zhang's personal property. SMTD at 7-8.

The Court has already rejected the first argument, but it agrees with Su's second argument that Zhang has failed to allege that Su converted any of Zhang's property. As Zhang admits, his allegation is that Su "misappropriated Talece's funds for herself." SMTD Opp. at 7. Zhang argues that this can sustain a claim for conversion because misappropriating those funds amounted to "taking Zhang's funds from Talece's profit for her own benefit." *Id.* But Zhang does not point to any authority allowing a minority shareholder to assert a conversion claim for misappropriation

of the corporation's funds (rather than the shareholder's own uninvested funds, as would be the case for a traditional conversion claim).  Absent such authority, the claim for conversion will be dismissed with leave to amend.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Talece's motion to dismiss is DENIED;
- Talece's motion to strike is GRANTED IN PART as to affirmative defenses 9 and 21 and DENIED in all other respects;
- Su's motion to dismiss is GRANTED IN PART as to the claims for unlawful retaliation and conversion and DENIED in all other respects.

The dismissals specified above are WITH LEAVE TO AMEND except for the claim for unlawful retaliation against Su, which is dismissed WITHOUT LEAVE TO AMEND.  Zhang SHALL file an amended counterclaims and an amended third-party complaint no later than 21 days from the date of this Order.  Failure to meet the deadline to file those amended documents or failure to cure the deficiencies identified in this Order will result in a dismissal of the specified affirmative defenses and third-party claims with prejudice without further notice.  Amendment beyond the scope of the deficiencies identified in this order is not permitted.

Dated:  November 2, 2021

_____
BETH LABSON FREEMAN
United States District Judge