1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    TALECE INC.,                              Case No.  20-cv-03579-BLF

8                    Plaintiff,
                                               **ORDER DENYING MOTION TO**
9            v.                                **STRIKE AFFIRMATIVE DEFENSES**

10   ZHENG ZHANG,                              [Re:  ECF No. 93]

11                  Defendant.

12   ZHENG ZHANG,

13                  Third-party Plaintiff,

14           v.

15   LANHAI SU,

16                  Third-party Defendant.

17

18

19          Before the Court is Defendant and Third-Party Plaintiff Zheng Zhang's motion to strike

20   affirmative defenses asserted in answers to the First Amended Counter- and Third-Party

21   Complaint.  ECF No. 93 ("MTS"); *see also* ECF No. 96 ("Reply").  Zhang seeks to strike the

22   affirmative defenses pled by Plaintiff Talece Inc. and Third-Party Defendant Lanhai Su as

23   inadequately pled under Federal Rules of Civil Procedure 8(a) and 9(b).  *See* ECF No. 91 (Talece

24   answer); ECF No. 92 (Su answer).  Talece and Su oppose the motion.  *See* ECF No. 95 ("Opp.").

25   The Court finds this motion suitable for disposition without oral argument and VACATES the

26   April 28, 2022 hearing.  *See* Civ. L.R. 7-1(b).  The Court DENIES the motion.

27       **I.    BACKGROUND**

28          The parties are familiar with the background of this case, as recounted in the Court's

*United States District Court*
*Northern District of California*

1    previous order on (1) the motion to dismiss and strike filed by Talece and (2) the motion to

2    dismiss filed by Su.  *See* ECF No. 88.

3    **II.    LEGAL STANDARD**

4    Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

5    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The

6    function of a motion made under this rule is "to avoid the expenditure of time and money that

7    must arise from litigating spurious issues by dispensing with those issues prior to trial."

8    *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and

9    citation omitted).  "While a Rule 12(f) motion provides the means to excise improper materials

10   from pleadings, such motions are generally disfavored because the motions may be used as

11   delaying tactics and because of the strong policy favoring resolution on the merits."  *Barnes v. AT*

12   *& T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

13   "The key to determining the sufficiency of pleading an affirmative defense is whether it gives

14   plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

15   **III.   DISCUSSION**

16   **A.    Motion to Strike All Affirmative Defenses (Rule 8(a))**

17   Zhang first moves to strike "[a]ll 52 affirmative defenses pled by Talece and Su" because

18   they lack plausibility under Rules 8(a) and the explication of Rule 8 in *Bell Atl. Corp. v. Twombly*,

19   550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  MTS at 2–4.  Talece and Su

20   oppose, arguing that Zhang does not provide argument as to why each specific affirmative defense

21   should be stricken and, where he does, those arguments are not persuasive.  Opp. at 3–5.

22   The Court declines to issue an order striking all of Talece and Su's affirmative defenses.

23   Zhang cannot expect the Court itself to analyze the twenty-five affirmative defenses asserted by

24   Talece and the twenty-six asserted by Su without any legal argument as to why each specific

25   affirmative defense is insufficiently pled.  The Court will not fill in gaps in argument for Zhang,

26   particularly in a motion that is "generally disfavored" due to its frequent misuse as a "delaying

27   tactic[]."  *Barnes*, 718 F. Supp. 2d at 1170.

28   Zhang takes issue with the following specific affirmative defenses:

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1      First Affirmative Defense (Failure to State a Claim).  Zhang says that this is not an

2   affirmative defense and that the Court has already ruled that the counter- and third-party claims

3   have been sufficiently pled.  MTS at 4:1–3.  The Court rejected this very argument when it refused

4   to strike the same affirmative defense asserted in own Zhang's answer—an affirmative defense

5   that Zhang himself defended.  *See* ECF No. 88 at 5.  Zhang cannot simultaneously defend the

6   affirmative defense when he asserts it in his own answer and then assert it should be stricken when

7   his opponents assert it in their answers.

8      Second and Seventh Affirmative Defenses.  Zhang argues that the second and seventh

9   affirmative defenses are identical because they both "allege that [he] committed equity."  MTS at

10  4:4–7.  This is both unclear and factually incorrect.  In both answers, the second affirmative

11  defense is "failure to mitigate damages, if any" and the seventh is "unclean hands."  ECF No. 91 at

12  8–9; ECF No. 92 at 9, 10.  The Court finds that Zhang has "fair notice" of the basis for these

13  affirmative defenses.  *Wyshak*, 607 F.2d at 827.  The primary complaint in this case asserts claims

14  against Zhang, including conversion, breach of fiduciary duty, and unjust enrichment, and

15  provides a plausible factual basis for those claims, as the Court has already found.  *See* ECF No.

16  61.  Zhang thus has fair notice of the allegations Talece and Su have asserted against him that are

17  the bases for these affirmative defenses.

18      Eleventh and Twenty-Fourth Affirmative Defenses.  Zhang argues that these affirmative

19  defenses are also identical because one says that Talece's action is privileged under the business

20  judgment rule and the other generically asserts that Talece's acts were "privileged."  MTS at 4:8–

21  10.  While these affirmative defenses are closer in similarity than are the second and seventh

22  affirmative defenses, they are not identical, and Zhang's argument that "no other potential

23  'privilege' could exist in this corporate-shareholder dispute," *id.*, is not supported by any

24  authority.  Because Zhang has not provided a legal basis to strike the defenses, the Court declines

25  to do so.

26      Twenty-Sixth Affirmative Defense (No Duty).  Zhang argues that the affirmative defense

27  for "no duty" should be stricken because it "has no possible application to this case" where

28  "Talece has already conceded that it owes a fiduciary duty to its corporate shareholders, third party

3

1    plaintiff [Zhang]."  MTS at 4:11–13.  But as Talece responds, its answer has specifically denied

2    that Zhang is a shareholder of Talece, so the affirmative defense accordingly asserts that it lacks

3    any duty to Zhang.  Opp. at 3.  The Court finds that this gives Zhang fair notice of the defense

4    asserted, and thus the Court will not strike this affirmative defense.

5         Thirteenth Affirmative Defense (Unjust Enrichment).  Zhang argues that the affirmative

6    defense for unjust enrichment should be stricken because it "does not apply to statutory damages

7    under the False Claim[s] Act."  MTS at 4:15–21.  But Zhang has asserted breach of fiduciary duty

8    and conversion claims to which the unjust enrichment affirmative defense may apply.  *Accord*

9    Opp. at 4.  The Court accordingly declines to strike the affirmative defense.

10        Additional Affirmative Defenses Challenged in Reply.  Zhang calls out additional

11   allegedly deficient affirmative defenses in reply:  the third, sixth, and fourteenth affirmative

12   defenses.  *See* Reply at 6:4–14, 7:6–9.  The Court declines to address arguments against those

13   affirmative defenses that are raised for the first time in reply.  *Zamani v. Carnes*, 491 F.3d 990,

14   997 (9th Cir. 2007).

15        **B.     Motion to Strike Affirmative Defenses 7–10 (Rule 9(b))**

16        Zhang then moves to strike four specific equitable affirmative defenses as insufficiently

17   pled under Rule 9(b):  affirmative defenses for unclean hands, waiver, estoppel, and "one who

18   seeks equity must do equity."  MTS at 5–6.  Talece and Su respond that these affirmative defenses

19   are adequately pled.  *See* Opp. at 4.

20        For the same reasons as in rejecting his challenge to the seventh affirmative defense under

21   Rule 8, the Court rejects the challenge to these affirmative defenses under Rule 9(b).  Zhang has

22   sufficient notice of the grounds on which Talece and Su claim he acted inequitably because Talece

23   has outlined those allegations in the primary complaint in this case.  The Court has already

24   rejected Zhang's motion to dismiss the claims in that complaint, finding an adequately pleaded

25   factual basis for them under Rule 12(b)(6) and, where applicable, Rule 9(b).  *See* ECF No. 61 at 6–

26   9.  The Court will not collaterally revisit that ruling through a Rule 12(f) motion.

27        / / /

28        / / /

United States District Court
Northern District of California

**IV.  ORDER**

Accordingly, the motion to strike is DENIED.  The case schedule, ECF Nos. 63, 75, remains in effect.


Dated:  February 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge